·[Simpson v. The State.]

# Simpson v The State.

*Prosecution for Arson in Third Degree.*

1. *Form of complaint; not necessary that it should conclude "against the peace and dignity of the State."*—In criminal prosecutions commenced without the presentment of a grand jury, the fact that the information or complaint does not conclude with the words "against the peace and dignity of the State," does not render the complaint insufficient, and a conviction thereunder will be sustained.

2. *Same; amendment.*—Where a criminal prosecution for arson in the third degree is commenced in a county court by complaint, which is amended by adding thereto a charge that the building alleged to have been burned was the property of another person than the one named in the original affidavit, and from a judgment of conviction in said court an appeal is taken to the circuit court, the solicitor can, in the appellate court, amend the original complaint by adding a second count thereto, alleging ownership in accordance with the amended affidavit upon which the trial was had in the county court.

3. *Rulings of court upon pleadings; should be shown by record on appeal.*—Rulings of the court in allowing amendments and upon the pleadings should be shown by the record on appeal, and when appearing only in the bill of exceptions they will not be reviewed.

4. *Indictment for arson; evidence as to the contents of the building burned inadmissible.*—Where, on a trial under an indictment charging arson in the third degree, it is shown that the structure alleged to have been burned was a house or building within the meaning of the statute (Crim. Code, § 3784), evidence that at the time of the burning there was a considerable amount of personal property stored in said building is inadmissible.

[Simpson v. The State.]

5.   *Same; evidence of effort of defendant to rent the place on which building was burned inadmissible.*—Where, in a prosecution for arson, evidence that the defendant some time before the burning tried to lease from the owner the place on which the building alleged to have been burned was located, but was refused because the premises were already leased, affords no grounds whatever for a reasonable inference on the part of the jury that the accused burned the building, and is irrelevant, immaterial and inadmissible.

6.   *Evidence of the characteristics of dogs like those used in tracking a defendant inadmissible.*—In a criminal prosecution, evidence that blood hounds of the same breed and trained by the same man as those used to track the defendant, at one time after having been put upon the track of a human being, left the trail to trail a sheep is inadmissible.

7.   *Charge of the court; exceptions thereto.*—Where a charge given *ex mero motu* by the court in writing is subdivided into separate paragraphs by the defendant's attorney for the purpose of reserving exceptions to each of such paragraphs, and there are propositions in each of these paragraphs which are sound expositions of the law, all of the several exceptions reserved to the charge as so subdivided are properly overruled.

APPEAL from the Circuit Court of DeKalb.

Tried before the Hon. JAMES A. BILBRO.

The appellant was indicted, tried and convicted of arson in the third degree. The prosecution was commenced by an affidavit made before the judge of the county court of DeKalb county, in which the defendant is charged "with willfully setting fire to or burning a barn of M. M. Beavers in DeKalb county, Alabama."

On the trial of the cause in the county court, the court allowed the solicitor to amend the affidavit by adding thereto the following: "Affiant further swears that in said county within twelve months before making this affidavit, John Simpson willfully set fire to or burned the barn of James H. Collins, in which there was at the time no human being."

Upon the cause being carried to the circuit court on appeal, the solicitor filed the following complaint: "1. The State of Alabama by its solicitor complains of John Simpson that within twelve months before the commencement of this prosecution he did willfully set fire to or burn a barn of M. M. Beavers, in which there was at the time no human being.

"2.   The State of Alabama by its solicitor complains of John Simpson that within twelve months before the

commencement of this prosecution he did willfully set fire to or burn a barn of James H. Collins, in which there was no human being."

Upon the trial of the cause in the circuit court, the defendant moved the court to strike the second count of the information from the file, on the grounds, 1st, that it was variant from the cause as set forth in the original affidavit, and 2d, because the second count is a departure from the cause as commenced originally in the county court. This motion was overruled. The defendant demurred to the information or complaint upon the same grounds. This demurrer was overruled.

The defendant interposed a plea in abatement, setting forth the facts as above stated, but upon motion of the State the plea in abatement was stricken from the file, and to this ruling of the court the defendant duly excepted. The motion above referred to and the demurrer and plea in abatement and the rulings thereon are shown only in the bill of exceptions.

There was evidence introduced for the State tending to show that the defendant committed the offense of which he was charged, while the testimony of the defendant tended to show that he had no connection with the commission of said offense.

Upon the examination of James H. Collins, as a witness, and after he had testified that he was in possession of the barn alleged to have been burned as a tenant of M. M. Beavers, and after describing the kind of building the barn was, the solicitor for the State then asked the witness the following question: "What was in the barn when it was burned?" The defendant objected to this question, because it was illegal, irrelevant and incompetent. The court overruled the objection, and the defendant duly excepted.

There was evidence introduced for the State tending to show that the defendant was tracked by blood hounds, which had been put upon his track a short time after the building was burned. The owner of these dogs, which were known as blood hounds, testified that he had trained them to track human beings, and that they would not leave a track of a person, after they had once been put upon it, to follow another track. During the cross-examination of the witness, he was asked the following question: "If he had not trained the blood

hounds at Collinsville, Ala., and if they were not close
on to two years old, and if he did not know that they
had recently been put on a human track and had quit
this track and took after and caught a sheep, and if they
were not of the same blood or stock of the hounds that
he had at the barn on the Monday night after it was
said to have been burned?'' The State objected to this
question on the ground that it called for illegal and im-
material evidence, and the court sustained the objection,
and the defendant duly excepted. The other rulings
upon the evidence which are reviewed on the present ap-
peal are sufficiently stated in the opinion.

After setting out the charge which was given by the
court, *ex mero motu*, the bill of exceptions contains the
following recital: ''This charge was given by the court
without being paragraphed, and after it was given the
defendant then and there divided said charge into six-
teen paragraphs, and separately and severally and duly
excepted, reserving a separate exception to each para-
graph, from paragraph numbered one to sixteen, in-
clusive. Said exceptions being reserved immediately
after said charge was given and before the jury retired to
consider of their verdict, and said exceptions being sepa-
rate and several as to each of said paragraphs from one
to sixteen, inclusive.''

No counsel marked as appearing for the appellant.

WILLIAM C. FITTS, Attorney-General, for the State.—
The complaint as filed in the county court was subject
to amendment, and the solicitor, when he drafted the in-
formation for the circuit court, very properly made it
conform to the amended affidavit as used in the county
court.

The ruling of the court upon the evidence, as to the
tracking of defendant with dogs, was free from error.—
*Hodge v. State*, 98 Ala. 10.

The charge given by the court *ex mero motu* was clear
and free from error, when considered as an entirety.
As said in a recent decision: ''The general charge of
the court should be considered and construed as a whole,
and in connection with the evidence; and if, when so
construed, it asserts a correct proposition, applicable to
the evidence, a disconnected part or sentence is not a

reversible error, although it may not express all the nec-
essary constituents of the offense attempted to be de-
fined in said part of said charge.—*Williams v. State*, 83
Ala. 68 ; *Gibson v. State*, 89 Ala. 121.

McCLELLAN, J.—It is true the information or com-
plaint upon which the appellant was tried and convicted
in the circuit court does not conclude with the words
"against the peace and dignity of the State ;" but the
omission of these words does not render the complaint
insufficient, in such manner as not to support a verdict
and conviction thereunder.—*Thomas v. State*, 107 Ala. 61.

There is no merit in the position taken by defendant
in denial of the solicitor's right to embrace in the com-
plaint a second count laying the property burned in Col-
lins. The county court had the power to allow an
amendment of the original affidavit by adding thereto a
charge that the barn alleged to have been burned was
the property of said Collins; and in formulating the com-
plaint in the circuit court the solicitor but followed this
amended affidavit upon which the trial was had in the
county court, except in the unimportant particular of con-
cluding "against the peace and dignity of the State."
Besides were this otherwise, it could not avail the appel-
lant as now presented. The rulings of the court on this
question should be shown by the *record* proper in the
circuit court, and should have been certified here as a
part of that record. Appearing here only in the *bill of
exceptions*, we cannot pass upon them.

Evidence of the contents of a structure alleged to be a
corn crib was held admissible in *Brown v. State*, 52 Ala.
345, apparently only for the purpose of showing that the
structure was a "house" or "building" within section
3784 of the Code (§ 3699 R. C.). That the structure here
burned was a house or building was fully and clearly
shown without any reference to its contents ; and we are
unable to see what office the fact that there was a con-
siderable amount of personal property, including live
stock, corn, cotton, etc., in this barn when it was
burned, had to perform in the trial below, unless it was
the illegitimate one of inducing the jury to measure the
punishment by reference to the amount of property de-
stroyed.

When the question is whether the accused had a mo-

tive for destroying property, facts which afford ground for a reasonable inference to be drawn by the jury of ill will on the part of the accused toward the owner of the property are admissible for the consideration of the jury. We are clear in this case that the facts that the defendant went to Beavers, the owner of the place on which the barn was located, some time before the burning— but how long before is not stated—to rent the place, which was then occupied by Collins, and was told by Beavers that Collins had the refusal of the place, afforded no ground whatever for a reasonable inference on the part of the jury that accused burned the barn; and this evidence should not have been allowed to go to the jury.

The court properly excluded from the jury the proposed evidence as to two blood hounds, of the same breed of those employed to track the supposed criminal in this case and trained by the same man, being put upon the trail of a human being and leaving it to trail a sheep which they overhauled and killed. The test by comparison was not sufficiently certain to determine the reliability of the dogs employed here by reference to the qualities of the other dogs.

Without undertaking to determine and declare that the charge given *ex mero motu* by the court in writing was free from error, it is entirely safe to say that there are propositions in each one of the sixteen paragraphs, into which the appellant has divided it for the purpose of reserving exceptions to each of such paragraphs, which are entirely sound expositions of the law; and no more than this need be said in holding all these exceptions ill taken.

Reversed and remanded.