*Murder.*

# Richardson *v.* The State

[DECIDED MAY 8, 1906, 41 So. REP. 82.]

1. *Criminal Law; Facts Relevant to Issue; Explanatory Questions.*
   Questions propounded to a witness seeking to ascertain his
   knowledge of the time and place where deceased was said to
   have been killed, when introductory to other questions nec-
   essary to elicit material evidence, were properly permitted
   over objection.

2. *Same; Confessions; Preliminary Evidence.*—Where the officer
   testified without objection and without cross examination that
   no reward was offered or inducement held out or threats made,
   and that the confession was voluntary, it was properly admit-
   ted; although another was present at the time, and the record
   is silent as to any act done by such third person wrongfully
   to induce the confession.

3. *Homicide; Evidence; Proximity to Scene of Crime.*—It is com-
   petent to prove that one charged with murder was, on the
   day of the killing, seen with a gun within a mile or more of
   the place of the killing.

4. *Criminal Law; Explanatory Evidence.*—It is competent to show
   by one familiar with the dogs used, and accustomed to hand-
   ling them, that they were skilled in trailing human beings,
   and within what time after the making of the tracks the
   dogs would take up the trail, where it is proposed to show that
   these dogs were put on the trail at the scene of the crime, and
   went thence to a point where defendant was shown to have
   been after the crime.

5. *Homicide; Incriminating Circumstances.*—Where there was evi-
   dence tending to show that defendant was in the vicinity of
   the crime about the time of its commission, and his confes-
   sion tended to show that he was present and participated and
   that he had left the scene with H. and went to the house of H.
   it was competent to show that trained dogs took up a trail
   at the scene of the crime and followed it to or near the house
   of H.

6. *Witnesses; Cross Examination; Scope.*—The defendant should
   be allowed wide latitude to inquire, on cross examination,
   into the breeding and testing of the dogs used to trail, and
   into any circumstances which might lead the jury to believe
   that the dogs were unreliable or unskilled in such work.

[Richardson v. The State.]

7. *Criminal Law; Opinion Evidence.*—It is not proper to permit the handler of the dogs used to trail to testify that he thought the dogs quit the trail and went to where there was a group of men in a field because they expected to find the person they were trailing in the crowd.

Heard before Hon. JOHN T. LACKLAND.

APPEAL from Marengo Circuit Court.

This defendant, together with Albert Richardson and John Hoskins, was indicted for the murder of Frank L. Fosque. The defendant demanded a severance and was tried alone and convicted and sentenced to be hanged The witness Townsend testified that he was sent from Selma with a lot of dogs which he obtained from the Union Star Kennel; that he had tried the dogs before and knew they were trained dogs; that he remembered the time when Dr. Fosque was said to have been killed; that he was shown the place where it was said the murder was committed. All the questions bringing out the above testimony together with the answers thereto were objected to by the defendant, and motion was made to exclude each separately, which objection and motions were overruled by the court. He further testified over the objection of the defendant; "I took the dog, Rock, he picked up the trail and the dog Rye joined therein. They struck the trial twenty or thirty feet from where I was told the body had lain. We first picked up the trail down the hill in a natural depression, trailed down the branch into the woods." The witness further testified that he had handled dogs all of his life and knew that these dogs would trail the tracks of men. That these dogs have trailed a track nine hours old. "I know these dogs are man trailers and I saw two human tracks in the creek that night, a small one and a large one where the dogs were trailing. The tracks went in the direction of the defendant's house and the dogs trailed in the same direction."

No counsel marked for appellant.

MASSEY WILSON, Attorney-General for the State. The motions made to quash the indictment and venire

cannot be considered for the reason that the motions and the actions of the court thereon are not shown by the bill of exceptions.—*Garrett v. State,* 97 Ala. 18; *Lynn v. Bean,* 141 Ala. 236; *Hatcher v. Branch,* 141 Ala. 410.

The court had the power to organize another grand jury and the motion to quash was without merit.—Sections 4998, and 4999, Code 1896.

The questions to the witness assuming the killing of Dr. Foscue were prima facie inadmissibile, but being merely introductory to questions necessary to elicit facts which were legal, were probably admitted.—*Stoball v. State,* 116 Ala. 454.

The evidence regarding the bloodhounds bearing on their training was admissible.—*Little v. State,* 39 So. 674. In connection with the evidence of the confession of the defendant that he was present and assisted in the crime and afterwards went to the house of Hoskins rendered admissible the evidence that the dogs trailed from the place of the crime to Hoskins house.

WEAKLY, C. J.—The several questions propounded to the witness Townsend as to his knowledge of the time and place where and when the deceased was said to have been killed were within the rule declared in *Stoball v. State,* 116 Ala. 454, 459, 23 South. 162, and were properly allowed. They were merely introductory to other questions necessary to elicit facts that were legal evidence. *Frazier v. State,* 116 Ala. 442, 23 South. 134; *Green v. State,* 96 Ala. 29, 11 South. 478.

There was testimony addressed to the court that the confession of the defendant was voluntarily made, and that the officer to whom it was made offered no reward or inducement and made no threat to procure the defendant to make the inculpatory statement. Under these circumstances we cannot declare that the trial court erred in holding the confession to be competent and in allowing it to go to the jury, although another person was present at the time of the confession and there was an absence of evidence as to any act done by such person to wrongfully induce a statement by the defendant or that such person did nothing improper to procure the confession to be made. No objection was made to the statement

[Richardson v. The State.]

of the witness that the confession was voluntary, and no cross-examination was indulged to disprove the statement. The court, therefore, was authorized to conclude that a sufficient predicate had been laid to warrant the admission of the confession for the consideration of the jury.

It was competent to prove that on the day of the killing the defendant was seen with a shotgun by witnesses who were cutting cordwood about a mile or more from the scene of the crime.

The previous decisions of this court have stated that under proper conditions it is permissible, for the purpose of connecting a defendant with a crime, to admit evidence, along with the other circumstances, that dogs trained to track human beings were put on the trail at the scene of the crime, where circumstances or evidence tend to show the defendant had been, and that after taking the trail they went thence to a point where defendant is shown to have been after the commission of the act. *Hodge v. State*, 98 Ala. 10, 13 South 385, 39 Am. St. Rep. 17; *Simpson v. State*, 111 Ala. 6; *Little v. State* (Ala.) A. 432, is to the same effect. Where such evidence is proposed to be introduced, it would of course, be proper to allow a witness, familiar with the dogs and accustomed to handling them, to testify that they are skilled in the trailing or tracking of men, and within what time, after the making of tracks, the dogs would take up and follow the trail. The court committed no error in allowing the witness Townsend to testify along these lines. There was evidence tending to show that the defendant was in the vicinity of the crime about the time it was committed, and his confession, tended to show he was present and participated in the murder, and that he left the scene in company with one Hoskins, and went by the house of said Hoskins on his way to his own home, not very far away. It was competent, therefore, to prove that trained dogs took up a trail at the scene of the crime and followed it to or near the house of Hoskins. The court, therefore, committed on error in declining to exclude all the evidence upon the subject of the trailing of the dogs.

4

When evidence of this character is admitted, a defendant should have the fullest opportunity by cross-examination to inquire into the breeding and the testing of the dogs, and into all the circumstances and details of the hunt, that he may lead the jury to believe, if he can, either that the dogs are unreliable or unskilled, or that the dogs so acted on the trail as to deprive the evidence of incriminating value. For this purpose, no doubt, the defendant's counsel proved, on cross- examination by the state's witness, that the dogs left the trail in the woods and went out into a field, that the witness called them back and put them on again on the track, and that the trail was several times lost. Thereupon the solicitor asked the witness on redirect examination, "Why did the dogs quit and leave the trail and go out into the field?" The defendant interposed an objection to the question upon the ground, among others, that it called for the conclusion of the witness. The trial judge sustained the objection, but only conditionally; for he remarked "that the witness could not testify as to why they did so, unless the witness was thoroughly acquainted with their habits and training." Thereupon the witness answered: "From what I know of these dogs, I would say that the reason the dogs quit the trail and went out into the field was because there was a body of men out in the front, and the dogs expected to find the person they had been trailing." The motion of the defendant to exclude this answer on the ground that it was an opinion and the conclusion of the witness should have been granted. The witness could not know why the dogs went into the field. It was a matter of inference only. The cause moving the dogs to abandon the trail and go into the field was a matter of deduction from all the facts and circumstances in evidence, carefully weighed and considered, and was not a fact to which a witness could testify. Witnesses are not allowed to reason to a jury. They must speak to and of facts. Like intention or motive or belief, to be inferred from facts, the jury must deduce the conclusion, unaided by the opinions, reasoning, or inferences of witnesses. *Peake v. Stout,* 8 Ala. 647; *Wheatstone v. Bank,* 9 Ala.

875; *Clement v. Cureton*, 36 Ala. 120; *Brewer v. Watson*, 71 Ala. 299. 46 Am. Rep. 318; *Burks v. Bragg*, 89 Ala. 204, 7 South. 156. Witnesses must testify, not argue.—*Mobile Furniture Com. Co. v. Little*, 108 Ala. 399, 19 South. 443.

There is no basis for a distinction between expert witnesses and others which would take even experts out of the general rule against drawing out reasons which conduce to an act or omission to which they depose.—*A. G. S. R. R. Co. v. Hill*, 93 Ala. 514, 519, 9 South. 722, 30 Am. St. Rep. 65. It may be the opinion given as to the reason why the dogs left the woods and went into the field where the men were was derived from facts within the knowledge of the witness, but the facts were not disclosed. He would no doubt have been allowed to state any facts within his knowledge from which the jury might have inferred the abandonment of the trial was induced by an expectation that the person sought would be found among the crowd of men in the field, but the inference must be drawn by the jury. The witness could not properly be allowed to substitute himself for the jury, and to draw and state the conclusion in their place and stead.

For the error pointed out, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

HARALSON, DOWDELL, and DENSON, JJ., concur.