# Vincenzo, *et al. v.* The State.

## *Murder.*

(Decided May 9, 1911.   55 South. 451.)

1. *Jury; Venire; Names.*—The fact that certain of the Christian names of the jurors were transposed constituted no valid objection to the venire.

2. *Same; Drawing; Officers; Clerk.*—The jury venire was not subject to the motion to quash because at the time the clerk of the jury commission also held the office of notary public and ex officio justice of the peace, since section 1473 Code 1907, validates the acts of all de facto officers.

3. *Names; Idem Sonans.*—The name of one of the jurors was in fact "Joe Sylvester Bukacek" but was written "Joe Sylvester Bukacea." This was no objection to the validity of the venire served on the defendant since the names were practically idem sonans.

[Vincenzo, et al. v. The State.]

4. *Homicide; Evidence; Dying Declarations.*—Where it appears that the deceased, at the time he made the declarations, was fully conscious that he was going to die from the wounds received, his declaration becomes admissible as a dying declaration.

5. *Same; Instructions.*—Where it appeared that at the time the shot was fired, it was dark but there was no other evidence that the killing was accidental, a charge asserting that if the jury believe that deceased and defendant met at a point where the killing occurred, and that the killing was done by the defendants, yet, if the killing was accidental, they should find for the defendant, was properly refused.

6. *Same; Variance; Persons.*—A charge requiring an acquittal of all the defendants in the event that one of them was not connected with the killing, was properly refused.

7. *Same; Malice Aforethought.*—A charge asserting that before the defendant could be convicted the jury must believe from all the evidence that deceased was killed with a gun or pistol by the defendants with malice aforethought and that there was no evidence that he was so killed with a gun or pistol, was properly refused as pretermitting all reference to the lesser degrees and also as invading the province of the jury.

8. *Same; Evidence.*—A charge asserting that there was no evidence that the deceased was killed with malice aforethought was properly refused where it appeared that deceased was killed by someone, who after attempting to rob him, deliberately fired upon him with a deadly weapon.

APPEAL from St. Clair Circuit Court.

Heard before Hon. JOHN W. INZER.

Dicarlo Vincenzo was convicted of murder, and he appeals. Affirmed.

The exceptions to the venire and the grounds of the motion to quash sufficiently appear from the opinion. The evidence for the state tended to show that the deceased and a companion were going from Simpson's store to Margaret mines, in St. Clair county, in the early nighttime, when three men came up behind them with guns, ordered them to give it up, and, when deceased started to run, two shots were fired, one of which took effect resulting in his death.

The following charges were refused to the defendant: "(1) The court charges the jury that if they believe from all the evidence in this case that these defendants and the said Eads met or came together at the point    or

place where the said Eads was killed, and that the said killing was done by these defendants, yet, if the jury believe from the evidence that said killing was accidental, then they must bring in a verdict for the defendant. (2) The court charges you, gentlemen of the jury, that the evidence must show beyond a reasonable doubt that there was a concerted action of all the defendants, and if the evidence shows that Dicarlo Vincenzo was not with the other two defendants at the time of the killing, and that he was in no way connected with the killing, and there was no conspiracy to take the life of John Eads between the defendants, then your verdict must be not guilty as to all three of the defendants. (3) I charge you, gentlemen of the jury, that, before you can convict in this case you must believe from all the evidence in this case that John Eads was killed with a gun or pistol with malice aforethought by these defendants; and I charge you further, gentlemen, that there is no evidence in this case that John Eads was so killed with a gun or pistol."

JAMES A. MITCHELL, and SAMUEL B. STERN, for appellant. Counsel discuss at length the exceptions to the formation of the jury, the evidence, and the refused charges, but without citation of authority in support thereof.

ROBERT C. BRICKELL, Attorney General, W. L. MARTIN, Assistant Attorney General, and BORDEN H. BURR, for the State. The court did not err in declining to quash the venire.—Acts 1909, p. 320; *Bell v. The State*, 115 Ala. 37; *Kimbrell v. The State*, 130 Ala. 43; *Cauley v. The State*, 133 Ala. 137; *Skipper v. The State*, 144 Ala. 100. The dying declarations were admissible.— *Hussey v. The State*, 87 Ala. 128; *Pate v. The State*, 150

[Vincenzo, et al. v. The State.]

Ala. 16. Charge 1 was properly refused.—*Rodgers v. The State,* 117 Ala. 13; *Crane v. The State,* 111 Ala. 49. A killing may be unlawful though accidental.—*Sanders v. The State,* 105 Ala. 4. Charge 2 was properly refused.—*Starke v. The State,* 137 Ala. 11; *Thomas v. The State,* 130 Ala. 64. Charge 3 was properly refused. —*Bolling v. The State,* 102 Ala. 87; *Gafford v. The State,* 125 Ala. 8; *Domingus v. The State,* 94 Ala. 12.

PER CURIAM.—The appellants were indicted for murder, and found guilty of murder in the second degree. A motion was made by the defendant to quash the venire, because in the original venire there appeared the names of W. Frank Glidewell, E. Monroe Goode, J. Thomas Reeves, and S. Manly Cox as drawn from the box, when they should have been Frank W. Glidewell, Monroe E. Goode, Thomas J. Reeves, and Manly S. Cox. It will be noticed that the only difference is that the Christian names were transposed. It was also claimed in said motion that the name of Joe Sylvester Bukacea was served upon the defendant as one of the names composing the venire, and the subpoena was served on Joe Sylvester Bukacek, there being no such person in the county as Joe Sylvester Bukacea; also that the clerk of the jury commission was incompetent, because, at the time of his appointment, he held the other office of notary public and ex officio justice of the peace.

There was no merit in this motion. Section 7267, Code 1907; *Patterson v. State,* 156 Ala. 62, 65, 47 South. 52; *Walker v. State,* 153 Ala. 31, 33, 45 South. 640; *Hammond v. State,* 147 Ala. 79, 86, 41 South. 761, and cases cited. The official acts of all de facto officers are validated by section 1473 of the Code of 1907, and, besides, there was no proof as to the clerk of the jury commission holding any other office. There was no error in overruling said motion to quash.

5—CA

[Vincenzo, et al. v. The State.]

The predicate for the admission of the dying declaration was sufficient, showing that at the time the declaration was made the deceased was fully conscious of the fact that he was going to die from the wound.

Charge No. 1 was abstract, and properly refused. There was no evidence tending to show that the killing was accidental. It cannot be said that, because it was dark when a shot was fired, it was accidental.

Charge No. 2 was properly refused. It required the acquittal of all of the defendants, on the predicate that one of them was not connected with the killing.

Charge No. 3 was properly refused, as it pretermitted reference to the lesser grades of homicide, and also invaded the province of the jury as to whether the evidence showed that Eads was "so killed with a gun or pistol." It could not be said that there was no evidence that he was killed with malice aforethought. He was killed by some one, who, after attempting to rob him, deliberately fired upon him with a deadly weapon.

There was no error in the refusal to give the general charge in favor of the defendants, and the motion for a new trial is not revisable.

The judgment of the court is affirmed.

Affirmed.

NOTE.—The above opinion was prepared by Mr. Justice Simpson of the Supreme Court before the transfer of the case to this court and is adopted by this court.