# CASES

## IN THE

# SUPREME COURT OF ALABAMA

### NOVEMBER TERM 1912-13.

## Tennison *v.* The State.

### *Murder.*

(Decided June 11, 1913.   62 South. 780.)

1. *Homicide Threats; Evidence.*—Although of slight probative force, a statement made by a defendant to a deceased, made about a week prior to the killing, that deceased had better not appear against defendant in court, was in the nature of threats, and admissible as such.

2. *Evidence; Incriminating Another.*—Evidence for the purpose of incriminating another than defendant must relate to the res gestæ of the transaction. and must not be of conduct, declarations or admissions of the party on whom it is attempted to cast suspicion as the guilty agent.

3. *Witnesses; Impeachment; Inconsistent Statement.*—Where a witness testified to facts damaging to defendant, it was competent, after predicate laid, to show previous statements by her that she did not see how they got defendant into it, not for the purpose of showing that her husband, upon whom defendant tried to cast suspicion was the guilty party, but for the purpose of attacking her credibility as a witness.

4. *Charge of Court; Abstract and Misleading.*—Where the testimony of the witness for the state did not tend to show any conspiracy between him and defendant, a charge asserting that a conspiracy to do an unlawful act without any express agreement or implied agreement may exist, or that there may exist a community of purpose, to do such acts, and if the jury find that there is no testimony of such conspiracy between defendant and the witness, to take the life of deceased, then unless the witness' statement connecting defendant with the commission of the offense is corroborated by evidence other than his own, they cannot convict defendant on the theory of a conspiracy between such witness and defendant, or of a community of purpose to take the life of deceased, is abstract and misleading, if not otherwise objectionable.

5. *Same; Invading Province of Jury.*—A charge asserting that a defendant cannot be convicted if the jury disbelieves the evidence of a certain witness, is invasive of the province of the jury, where there

was evidence other than such testimony upon which they could have found a verdict of guilt.

6. *Same; Abstract.*—A charge asserting that if the only evidence tending to corroborate the testimony of a witness that tends to connect defendant with the crime is that of the wife of the witness, and if the jury do not believe her testimony, they must find defendant not guilty, is abstract. where there is other testimony tending to corroborate such witness.

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Fletcher Tennison was convicted of murder, and he appeals. Reversed and remanded.

Ora Slaton in testifying stated, in response to the question by the solicitor if she had heard a conversation between her husband and defendant in reference to his going out of the state and leaving and not appearing here before the grand jury about Mr. Tennison, said: "I heard Arthur ask Fletcher just about a week before the killing to buy his crop; that he didn't want to appear against him in the court, and Fletcher said, 'What is your hurry about it?' and Arthur replied, 'I don't want to appear against you in court,' and Fletcher said: 'You had better not.'"

The following charges were refused to defendant:

"(20) I charge you that there may be a conspiracy to do an unlawful act without an agreement, express or implied, or that there may exist a community of purpose between two or more parties to do such act; and, if you find from the evidence in this case that there is no testimony of such conspiracy between this defendant and Oscar Pitts, to take the life of Arthur Slaton, then I charge you that, unless said Pitts' statement connecting this defendant with the commission of the offense charged in the indictment is satisfactorily corroborated by evidence other than Pitts', then you cannot convict this defendant on the theory that he entered into a conspiracy with Pitts, or that there existed between

[Tennison v. The State.]

him and Pitts a community of purpose to take the life of Arthur Slaton.

"(21) If the jury do not believe the evidence of the witness Oscar Pitts, the defendant cannot be convicted."

"(23) If you believe from the evidence that the only evidence tending to corroborate the testimony of Oscar Pitts that tends to connect the defendant with the commission of the offense is the testimony of Lena Pitts, and if the jury do not believe the testimony of Lena Pitts to be true, they must find the defendant not guilty."

W. R. WALKER, for appellant. No matter how strong the circumstances, if they can be reconciled with the theory that one other than the accused committed the crime, he should be acquitted.—*Pickens v. State*, 115 Ala. 42; *Ex parte Acree*, 63 Ala. 234; *Pittman's Case*, 148 Ala. 612; *Ott's Case*, 160 Ala. 29. When the evidence is circumstantial it is competent for the defendant to introduce evidence tending to show that another did the act charged, but the evidence must relate to and be derived from the facts and circumstances constituting the offense.—*Bank's Case*, 72 Ala. 522; *Bowen's Case*, 140 Ala. 65; *Walker's Case*, 139 Ala. 56; *Brown's Case*, 120 Ala. 342; *Price's Case*, 100 Ala. 144; 6 Ency. Ev. 749 et seq.; *Alexander v. U. S.*, 138 U. S. 353, 34 L. Ed. 954; *Henry v. State*, 30, S. W. Rep. 802; *Franklin v. Com.*, 48 S. W. Rep. 986; *Martin v. State*, 70 S. W. Rep. 973; *Wilkins v. State*, 34 S. W. Rep. 627; *Com. v. Werntz*, 29 Atl. Rep. 272; *Woolfolk v. State*, 8 S. E. Rep. 724. A conviction cannot be had on uncorroborated testimony of accomplice.—Code of 1907, sec. 7897; *Malachi's Case*, 89 Ala. 134; *Lumpkin's Case*, 68 Ala. 56; *Lindsay's Case*, 170 Ala. 80; *McDaniel's Case*, 162 Ala. 25; 98 A. S. R., 158 note. Evidence collateral

to issue, tending to confuse or mislead the jury should not be admitted.—*Thrash v. Bennett,* 57 Ala. 157; *Leffler v. Lehman,* 57 Ala. 433; *Brewer v. Watson,* 65 Ala. 88; *Wharton v. Cunningham,* 46 Ala. 590; *Trammell v. Hudmon,* 56 Ala. 235. Circumstances or facts which do not directly tend to prove or disprove the matter in issue are not admissible.—*McCormack's Case,* 102 Ala. 161; *State v. Wisdom,* 8 Port. 511. The test of the relevancy of evidence in a criminal case is whether it conduces to the proof of a pertinent hypothesis, a pertinent hypothesis being that which, if sustained, would logically influence the issue.—*Whittaker's Case,* 106 Ala. 30; *Curtis' Case,* 118 Ala. 125. Whatever tends to shed light on the main inquiry, and does not withdraw the attention of the jury from the main inquiry by obtruding upon them matters which are foreign, or of questionable pertinency, is, as a general rule, admissible in evidence. On the other hand, undue multiplication of issues is to be guarded against as tending to divert the minds of the jury from the main issue.—*Mattison's Case,* 55 Ala. 224; *Gassenheimer's Case,* 52 Ala. 313; *Berney's Case,* 69 Ala. 233; *Fincher's Case,* 58 Ala. 215. The admission of irrelevant evidence is an error for which the judgment of conviction will be reversed, unless the record affirmatively shows that the defendant could not have been injured by it.—*Thompson's Case,* 20 Ala. 54; *Thomas v. de Graffenried,* 27 Ala. 651; *Magee v. Clark,* 40 Ala. 259; *Abraham v. Nunn,* 42 Ala. 51; *L. & N. R. R. Co. v. Price,* 159 Ala. 213; *Donaldson v. Wilkerson,* 170 Ala. 507, 512; *Empire Life Ins. Co. v. Gee,* 171 Ala. 435, 443; *B'ham Ry. L. & P. Co. v. Beck,* 1 Ala. App. 291, 295; *Bolton v. Cuthbert,* 132 Ala. 403; Dec. Dig. Appeal & Error, S. 1031; *March v. Trick,* 1 Ala. App. 649; *Western Ry. of Ala. v. Irwin,* 2 Ala. Ala. App. 577; *Abernathy's Case,* 129 Ala. 85; *Max-*

*well's Case,* 89 Ala. 150; Code of Ala. 1907, sec. 6264; *Cauley's Case,* 92 Ala. 71.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The question asked the witness Ora Slaton relative to the conversation between the deceased and the defendant, though of slight probative force was in the nature of a threat and properly admitted. Other statements of the same nature were such as to show motive or malice.— *Hudson v. State,* 61 Ala. 333; *Evans v. State,* 62 Ala. 6; *Gray v. State,* 13 Ala. 66, 73; *Woods v. State,* 76 Ala. 35, 42; *Long v. State,* 86 Ala. 36, 43; *Wims v. State,* 90 Ala. 6, 23; *Spraggins v. State,* 139 Ala. 93, 103; *Fowler v. State,* 155 Ala. 21, 27. It was not permissible to show the details of the difficulty between the deceased and Oscar Pitts.—*McAnally v. State,* 74 Ala. 9; *Martin v. State,* 77 Ala. 1; *Gordon v. State,* 140 Ala. 29; *Sanford v. State,* 2 Ala. App. 81, 89. Evidence incriminating another must relate to the res gestæ, and not to the conduct, declarations, or alleged confessions of the party on whom it is attempted to cast suspicion. Such evidence must relate to and be derived from the facts of the killing.—*Levison v. State,* 52 Ala. 520, 527; *Banks v. State,* 72 Ala. 522, 526; *Marks v. State,* 87 Ala. 89; *Prince v. State,* 100 Ala. 144, 148; *Brown v. State,* 120 Ala. 342, 348; *Walker v. State,* 139 Ala. 56, 66; *Walker v. State,* 153 Ala. 31, 35; *McDonald v. State,* 165 Ala. 85, 89; *McGehee v. State,* 171 Ala. 19, 23. The question asked the witness Pitts, relative to his wife did not elicit legal impeaching testimony.—Code section 4009. —*Deal v. State,* 136 Ala. 52; *Gordon v. State,* 140 Ala. 29. The presence of blood around the scene of the tragedy and on the fence rails was part of the res gestæ, and admissible in evidence.—*Cleve Campbell v. State,* 182

Ala. 18. What the defendant said relative to being in favor of obtaining bloodhounds was self-serving and inadmissible.—*Spivey v. State,* 26 Ala. 90, 103; *Taylor v. State,* 42 Ala. 529, 539; *Stewart v. State,* 63 Ala. 199; *Bonham v. State,* 65 Ala. 456, 458; *Billingslea v. State,* 68 Ala. 486, 492; *Williams v. State,* 105 Ala. 96; *Ferguson v. State,* 134 Ala. 63, 70. The report heard by the witness Dupree was proper to show the value of witness' evidence of defendant's good character. It was permissible for the state to elicit on cross-examination the details of the defendant's character.—*Steele v. State,* 83 Ala. 20; *Thompson v. State,* 100 Ala. 70; *Smith v. State,* 103 Ala. 57; *Andrews v. State,* 159 Ala. 14, and cases cited on page 25 of the opinion. Charge 23 permitted the jury to discard the testimony of a witness without finding it willfully false.—*Prater v. State,* 107 Ala. 26; *Gillespie v. Hester,* 160 Ala. 444; *Keef v. State,* 60 South. Rep. 962.

ANDERSON, J.—The proof by Ora Slaton, in a conversation between the defendant and deceased, that defendant told deceased he had better not testify against him, though of slight probative force, was in the nature of a threat, and was properly admitted.

Evidence incriminating another must relate to the res gestæ, and not to conduct, declarations, or alleged confessions of the party on whom it is attempted to cast suspicion.—*McGehee v. State,* 171 Ala. 19, 55 South. 159; *Levison v. State,* 54 Ala. 520.

The previous declarations of the witness Lena Pitts were not admissible for the purpose of showing that Oscar Pitts, and not the defendant, was the guilty party, but they were admissible as going to the credibility of the witness. She had testified as to facts damaging to the defendant, and which tended to connect

him with the homicide, and a previous statement by her that she did not see how they got Fletcher, this defendant, into it was inconsistent with her testimony against him. If she made such a remark, it was a circumstance for the jury to consider in weighing her subsequent testimony, for it was inconsistent with her evidence and of her knowledge of the facts narrated against the defendant. The trial court erred in not permitting the defendant to cross-examine this witness by asking her as to statements and declarations made by her which were inconsistent with her testimony; the time and place of making same having been sufficiently laid.

Charge 20, refused the defendant, if not. otherwise bad, was abstract and misleading. The testimony of Pitts did not show any conspiracy between him and the defendant, but tended to show that Pitts was not a party to the killing, and if there was a conspiracy, it was not established by the evidence of Pitts.

Charge 21, requested by the defendant, if not otherwise bad, invaded the province of the jury, as there was other evidence from which the jury could find the defendant guilty, even if they did not believe the evidence of Oscar Pitts.

Charge 23, refused the defendant, if not otherwise bad, was abstract, as there was testimony other than that of Lena Pitts tending to corroborate Oscar Pitts.

The other rulings upon the evidence were free from error, and a detailed discussion of same can serve no good purpose.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and MAYFIELD and DE GRAFFENRIED, JJ., concur.