# Allen *v.* The State.

### *Burglary.*

(Decided June 17, 1913.   Rehearing denied June 27, 1913. 62 South. 971.)

1. *Evidence; Dogs; Trailing.*—Before evidence of the trailing by dogs is admissible, it must be shown reasonably that the dogs were trained or qualified to trail human beings.

2. *Trial; Reception of Evidence; Motion to Strike.*—Although the evidence sought to be elicited was incompetent, yet if defendant makes no objection to the question, a motion to strike the answer is addressed to the sound discretion of the trial court, and in the absence of an abuse of the discretion, will not be reviewed.

3. *Same; Time of Objection.*—Where the question was not calculated to elicit the answer and a witness volunteers incompetent testimony in answer, an objection made to such testimony is in time if made shortly after such evidence has been volunteered.

4. *Appeal and Error; Presumption; Ruling on Evidence.*—Where the record states the testimony in narrative form, and does not affirmatively show that the testimony volunteered was in answer to

[Allen v. The State.]

a question not calculated to call it forth, this court will presume to support the trial court's ruling that the question called for the testimony.

5. *Same; Harmless Error; Evidence.*—Where it was shown·that a certain book was in the safe of the owner of the burglarized store at the time of the burglary, and the book was exhibited to the ·witness, but it did not appear from the bill of exceptions that the book was ever introduced in evidence, such testimony could not have been prejudicial to defendant.

6. *Burglary; Evidence; Identification of Property.*—Where a stamp book was found in a woodshed of a co-defendant, ·like one taken from the burglarized store, and a trail followed by dogs led to the woodshed, and along the trail were found papers taken from the store, and the same trail led to a house where a witness testified defendant and his co-defendant left some stolen papers the night of the burglary. the stamp book was admissible though the witnesses could not positively identify it; the other facts and circumstances being sufficient to carry to the jury the question whether it was the same book as the one stolen.

7. *Charge of Court; Good Character.*—A charge that the evidence of previous good character may alone be sufficient to raise a reasonable doubt should go further and hypothesize that such evidence should be taken into consideration with other evidence in the case, and failing to do so is erroneous.

APPEAL from Cherokee Circuit Court.

Heard before Hon. W. W. HARALSON.

Jim Allen was convicted of burglary, and he appeals. Affirmed.

McCONNELL & CONNER, for appellant. The stamp book was not admissible in evidence.—*Buchanan v. State,* 109 Ala. 7; *Crane v. State,* 111 Ala. 45. The proper predicate was not laid to render the trailing of the dogs admissible.—*Hodges v. State,* 98 Ala. 10; *Simpson v. State,* 111 Ala. 8; *Richardson v. State,* 145 Ala. 46. The charge requested should have been given.—116 Ala. 445; 47 Ala. 603. On application for rehearing counsel discuss at length the trailing of the dogs, but cite no authority in addition to those formerly cited.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The stamp

[Allen v. The State.]

book when taken in connection with the other evidence touching its surroundings, was competent, its weight and sufficiency being for the jury.—*Hodges v. State,* 97 Ala. 37; *Walker v. State,* 97 Ala. 85; *Thornton v. State,* 113 Ala. 43. The evidence sufficiently showed that the dogs were trained or qualified to track human beings.— *Hadnot v. State,* 3 Ala. App. 102; *Richardson v. State,* 145 Ala. 46.

THOMAS, J.—The defendant was tried and convicted on an indictment charging him with the offense of burglary. Only three questions are urged on this appeal; two relating to the action of the trial court in the admission of certain evidence offered by the state, and the other relating to its refusal to give a written charge requested by defendant.

It is insisted, in the first place, that the court erred in permitting the state to prove the alleged trailing of the dogs, on the next day after the burglary, of defendant's supposed tracks from the scene of the burglary, for a distance of several miles, to places where he was alleged to have gone after the commission of the burglary. The basis of the insistence is that the state nowhere proved, or undertook to prove, that these dogs which did the trailing were ever in any wise trained or were qualified to trail the tracks of human beings.— *Gallant v. State,* 167 Ala. 65, 52 South. 739; *Hargrove v. State,* 147 Ala. 98, 41 South. 972, 119 Am. St. Rep. 60, 10 Ann. Cas. 1126; *Richardson v. State,* 145 Ala. 46, 41 South. 82, 8 Ann. Cas. 108; *Simpson v. State,* 111 Ala. 8, 20 South. 572; *Hodge v. State,* 98 Ala. 10, 13 South. 385, 39 Am. St. Rep. 17; *Hadnot v. State,* 3 Ala. App. 103, 57 South. 383.

Such preliminary proof should have been made (authorities supra) as a predicate for the introduction of

the evidence of the trailing done by the dogs; but the defendant is not in a position to complain of its not being made for the reason that he failed to object to the questions eliciting or seeking to elicit the evidence of the trailing.—*Downey v. State,* 115 Ala. 108, 22 South. 479; *Ellis v. State,* 105 Ala. 72, 17 South. 119; *Washington v. State,* 106 Ala. 58, 17 South. 546.

Of course, if a state's witness volunteers objectionable evidence, or states it in answer to a question not calculated to call it forth, then such evidence could not possibly be anticipated by defendant's counsel and could not therefore be objected to before the witness had stated it. Hence, an objection then made would be in time, and save the point sought to be raised. When such is the case, however, the bill of exceptions should affirmatively so show; otherwise, when the testimony of the witness appears, as here, in narrative form without the questions calling it forth, and in the course of the narrative it is stated in a parenthetical way that defendant moved to exclude certain portions, setting them out, of the witness' testimony, it will be presumed in favor of the ruling of the trial court, the record not showing to the contrary, that the objectionable. testimony was responsive to a question from the solicitor that called it forth.—*Downey v. State,* 115 Ala. 108, 22 South. 479. It is well settled that when testimony responsive to questions calling for it is allowed to go in without objections to the questions, the trial court cannot be put in error for overruling a subsequent motion to exclude it; for the reason that in such a case the motion to exclude is addressed solely to the discretion of the trial court.— *Wright v. State,* 108 Ala. 60, 18 South. 941; *Billingsley v. State,* 96 Ala. 126, 11 South. 409; *McCalman v. State,* 96 Ala. 98, 11 South. 408.

It appeared that an iron safe in the store burglarized was blown open, and that there was taken from the safe on the night of the burglary a stamp book, containing 12 two-cent postage stamps, together with other papers; that some of these papers were found in the woods along the trail of the dogs, and that others, positively identified, were found at the house of Mary Smith, to which the dogs also went in running the trail, and who swore that these papers were left at her house on the night of the burglary by defendant and his codefendant, George Hawkins. From her house the dogs followed the trail to the house of George Hawkins, where was found a stamp book in the cottonseed, corresponding in description with that missed from the safe that was broken open. The defendant moved to exclude the evidence as to the finding of the stamp book, on the theory that the state's witnesses could not positively identify it as the stamp book stolen. Their testimony that it was the same in kind and appearance as that stolen, coupled with the other facts and circumstances detailed, which tended further to its identification, was sufficient to warrant a submission of the question to the jury as to whether or not it was the same stamp book as that stolen. Besides, even if the evidence in this particular was not sufficient for that purpose, the defendant is in no position to complain, for the same reason as hereinbefore pointed out in considering the matter of the qualifications of the dogs to do the trailing. He raises the point only by a motion to exclude the evidence.

The court did not err in refusing the following charge requested by defendant, to wit: "The court charges the jury, if they believe from the evidence that the defendant has established to the satisfaction of the jury a good character, such good character may alone engender a reasonable doubt of defendant's guilt, and author-

[Allen v. The State.]

ize the jury to acquit the defendant." The charge is not a correct exposition of the law, in that it ignores the fact that the law requires the jury, in considering the good character of a defendant, to do so along with the other evidence in the case.—*Johnson v. State*, 94 Ala. 42, 10 South. 667; *Bryant v. State*, 116 Ala. 445, 23 South. 40.

The record raises one other point, but it is not insisted on in brief, and we are of opinion that it is without merit. After the party whose store was burglarized had stated that he remembered what was in the safe that was blown open, the solicitor exhibited to him a book—what kind the bill of exception does not say—and asked the witness this question, to which objection was made by defendant, to wit: "Among other things in that safe was this book in there?" The court overruled the objection, and the witness answered, "Yes, sir." This was all the evidence in the case, so far as the bill of exceptions shows, in any way pertaining to that particular book, which it does not appear was ever even introduced in evidence. Assuming that the book referred to was not the stamp book hereinbefore mentioned, we are unable to see how the mere asking and answering of the question stated about an immaterial book not offered in evidence could have in any way prejudiced the rights of defendant, and we are satisfied that it did not injure his case. Assuming, on the other hand, that the book referred to was the stamp book, it was material evidence, and it was entirely competent for the state to make this proof, as well as the other proof relative to it, which was before discussed.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.