(74 South. 843)

JONES v. STATE. (8 Div. 412.)

(Court of Appeals of Alabama. Jan. 30, 1917. Rehearing Denied March 23, 1917.)

1. JURY ⚲116 — QUASHING VENIRE — GROUNDS.

Under Acts 1909, p. 320, § 32, providing that if the sheriff fails to summon any of the jurors drawn, or any juror summoned fails or refuses to attend the trial, or if there is any mistake in the name of any juror drawn or summoned, none nor all of these grounds shall be sufficient to quash the venire or continue the cause, motion to quash venire because of mistake in names of two jurors, and because name of one juror was not served on the defendant, was properly overruled.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 542, 543.]

2. HOMICIDE ⚲166(2)—MOTIVE—EVIDENCE—ADMISSIBILITY.

In prosecution for murder, witness was properly allowed to state that a month before the killing, defendant, when told that deceased was going to whip him, said that he was not man enough.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 321, 322.]

3. HOMICIDE ⚲167(8)—EVIDENCE—CARRYING WEAPON—ADMISSIBILITY.

In prosecution for murder by shooting, evidence that defendant was seen with a pistol a short time prior to the killing was admissible.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 339.]

4. WITNESSES ⚲252—USE OF PICTURE TO AID TESTIMONY.

In prosecution for murder by shooting, it was not error to permit a witness to look at a picture of a pistol in order to identify the kind of a pistol he testified to having seen in defendant's possession.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 866, 867.]

5. HOMICIDE ⚲178(1)—EVIDENCE—ADMISSIBILITY.

Though it is competent for one accused of murder to show that another committed the offense, such proof must be confined to substantial facts and relate to the res gestæ, so that it was

proper to exclude the question to a witness whether he had been trying to make arrangements to kill deceased.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 307.]

6. WITNESSES ⊜⇒268(1)—CROSS-EXAMINATION —USE OF BLOODHOUNDS.

When evidence that bloodhounds trailed defendant to his home is admitted, defendant should have the fullest opportunity by cross-examination to inquire into the breeding and training of the dogs, and into all circumstances and details of the hunt.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 931, 938, 939.]

7. WITNESSES ⊜⇒268(1) — CROSS-EXAMINATION—USE OF BLOODHOUNDS.

Where witness testified that he trained bloodhounds, and that they tracked defendant from the place of the murder to his home, it was not error to exclude the question whether he had ever trailed a man by the same dogs where the court stated that he would allow any question as to what witness knew about the dogs, and whether he was there with them.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 931, 938, 939.]

8. CRIMINAL LAW ⊜⇒665(4)—TRIAL—EXAMINATION OF WITNESS UNDER RULE.

It is within the discretion of the court to permit a witness who has violated the rule by remaining in the court to testify.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1559.]

9. CRIMINAL LAW ⊜⇒368(2), 448(4) — EVIDENCE — ADMISSIBILITY — CONCLUSION OF WITNESS.

In prosecution for murder, question whether defendant and deceased were carrying guns for each other was properly excluded as calling for conclusion, and not part of the res gestæ.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 815, 1036, 1038.]

10. CRIMINAL LAW ⊜⇒789(17)—INSTRUCTIONS —REASONABLE DOUBT.

In prosecution for murder, a charge failing to predicate probability of innocence, which would require acquittal as arising out of the evidence, is properly refused.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1846–1849, 1921, 1960, 1967.]

11. CRIMINAL LAW ⊜⇒561(1) — QUANTUM OF PROOF—"REASONABLE DOUBT."

A reasonable doubt not arising from the evidence or not existing in the face of the whole evidence is not a proper predicate for an acquittal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1267.]

12. CRIMINAL LAW ⊜⇒1186(4) — APPEAL — HARMLESS ERROR.

Where the court charged generally on reasonable doubt, giving accused the benefit of his requested instruction thereon, which was refused, the error, if any, was harmless under Supreme Court rule 45 (175 Ala. xxi), providing that it must be made to appear affirmatively that the error complained of has probably injuriously affected the substantial right of defendant before the case will be reversed.

13. CRIMINAL LAW ⊜⇒807(1) — ARGUMENTATIVE INSTRUCTIONS.

In prosecution for murder, instruction that if it is not shown that the dogs could take up and carry the trail of a human being after the time shown to have elapsed, the jury should not consider the trailing of the dogs as a circumstance, was properly refused as argumentative.

[Ed. Note.—For other cases. see Criminal Law, Cent. Dig. §§ 1805, 1959, 1960.]

14. CRIMINAL LAW ⊜⇒814(8, 9) — INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

In prosecution for murder, instruction that if the jury believed that a witness instead of accused may have killed deceased, or if they were in doubt as to who killed deceased, they should acquit defendant, was properly refused, in the absence of evidence that the witness or any other than defendant killed deceased.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1979.]

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

La Fayette Jones was convicted of murder in the second degree, and he appeals. Affirmed.

The facts sufficiently appear. The following charges were refused to defendant:

(1) If there is a reasonable probability of defendant's innocence, this may be a just foundation for a reasonable doubt of his guilt, and therefore for his acquittal.

(2) The court charges the jury that if it is not shown that the dogs could take up and carry the trail of a human being after the lapse of the time when deceased was killed to the time of putting them on the trail, then you should not consider the trailing of the dogs as a circumstance in this case.

(3) If the jury find from the evidence that the witness Tom Mullican may have killed deceased, or you are left in a state of doubt and uncertainty as to who killed deceased, then you should acquit defendant.

Milo Moody, of Scottsboro, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

BRICKEN, J. The defendant, La Fayette Jones, was indicted for murder in the first degree, and was convicted of murder in the second degree. There were no eyewitnesses to the killing. The evidence in this case showed that the deceased, Matton Mullican, came to his death by a gunshot wound. It also showed that bad feeling existed between the defendant and the deceased; and that the defendant had made threats against the deceased; and that on the day of the killing, the defendant was in the proximity of the scene of the homicide about the time the offense was committed. Bloodhounds trailed the track of a man from the scene of the killing to the home of the defendant. The track was shown to have measured the same length and width of the track of the defendant. The defendant's first statement as to his whereabouts on the day of the homicide was that he reached his home by 12 o'clock. When testifying as a witness in his own behalf on the trial of this cause, he swore that he reached his home on that day at 3 o'clock. Testimony of other witnesses showed that he did reach his home at or about 3 o'clock in the afternoon on the day of the homicide.

The motive for the crime and the opportunity to commit it by the defendant appear to be established by the evidence beyond a reasonable doubt. There was some effort by the defendant, undertaking to show that an-

other, the brother of deceased, did the killing; but no substantive facts were proven in this connection.

[1] The motion to quash the venire because of mistakes in the names of two of the jurors and because the name of one of the jurors had not been served upon the defendant was properly overruled. Section 29 of the act known as the jury law (Acts 1909, p. 317) expressly provides that no objection can be taken to any venire of jurors except for fraud in drawing or summoning the jurors. The same act also provides that:

"If the sheriff fails to summon any of the jurors drawn, or any juror summoned fail or refuses to attend the trial, or if there is any mistake in the name of any juror drawn or summoned, none, nor all of these grounds shall be sufficient to quash the venire or continue the cause." Acts 1909, p. 317, § 32, at page 320.

This court held, in the case of Vincenzo v. State, 1 Ala. App. 62, 55 South. 451, that a motion based upon the same point as this one was without merit. The ruling of the Supreme Court in the case of Smith v. State, 165 Ala. 56, 51 South. 610, is to the same effect.

[2] On the trial of the case, Lonnie Waller, a witness for the state, over the objection of the defendant, was permitted to testify that about a month before the killing the defendant, when told that his uncle (the deceased) was going to whip him, said that he was not man enough. The defendant moved to exclude this testimony on the ground that it was immaterial and irrelevant. The court did not err in permitting this testimony to stand, for the manifest effect of such a statement showed that bad feeling existed between the defendant and the deceased, the tendency of which was to prove a motive for the commission of the offense, which is always permissible.

[3, 4] There is no merit in the objection to the ruling of the court in permitting the state to prove that the defendant was seen with a pistol a short time prior to the killing. The fact of ownership or possession of a weapon may be of some probative force, and may tend to show preparation for the crime, and is therefore admissible. Neither is there any merit in the objection to the court permitting a witness on the stand to look at the picture of a pistol in order to identify the kind of a pistol he had testified to having seen in the possession of the defendant. No injury or harm could have resulted therefrom.

[5] On cross-examination of state's witness T. R. Mullican, the defendant propounded the following question: "You had been trying to make arrangements to kill your brother, had you not?" and excepted to the ruling of the court in sustaining the objection by the state. There is clearly no merit in this contention, for it is a well-settled proposition of law that while it is competent for the accused to show that another committed the offense charged, yet such proof must be confined to substantial facts, and must relate to the res gestæ, and not to conduct, declarations, or alleged confessions of the party on whom it is attempted to cast suspicion. Tennison v. State, 183 Ala. 1, 62 South. 780. The question propounded was objectionable because it could not have evoked testimony which would come within this rule.

[6, 7] State witness L. M. Phipps testified that he was in the bloodhound business, and that he kept trained dogs to hunt human beings; that he went with these dogs to where deceased was; that the dogs, after having circled the hill from where the deceased lay, took up a track 8 or 10 feet from the dead man, and followed it 3½ miles through the mountains into the house where the defendant lived; that in following the trail with the dogs he saw the track of one man all the way in soft places; that he measured the track, and that afterwards he measured the shoe of the defendant, and the measurement was the same, etc. On cross-examination of this witness, the following question was asked: "Did you ever trail a man down by these dogs in this town or this county, or any other?" and defendant excepted to the ruling of the court in sustaining objection interposed by the state. It is a well-settled principle of law that, when evidence of this character is admitted, a defendant should have the fullest opportunity, by cross-examination, to inquire into the breeding and training of the dogs, and into all circumstances and details of the hunt. Richardson v. State, 145 Ala. 50, 41 South. 82, 8 Ann. Cas. 108. It is contended that the sustaining of the objection to this question was error, in that it deprived the defendant of this right. The sustaining of this objection might have been error had not the court instructed the defendant that he would allow him to ask witness anything he knew about the dogs, if he was there with them, etc. Under this permission from the court, the defendant was accorded all the rights contemplated by the principle of law above mentioned; therefore there was no error in the court's having sustained objection to the question. The question as propounded was faulty in itself, for the facts or circumstances so sought to be brought out must be such as would have a proximate tendency to shed light upon the conduct of the dogs on the occasion which is the subject of investigation. Hadnot v. State, 3 Ala. App. 103, 57 South. 383; Simpson v. State, 111 Ala. 6, 20 South. 572; Allen v. State, 8 Ala. App. 230, 62 South. 971.

[8] Other questions raised as to the testimony of this witness Phipps are without error. There was no abuse of discretion by the court in permitting Ben Atnip to testify, for it is within the discretion of the court to permit a witness who has violated the rule by remaining in the court to testify. Jarvis v. State, 138 Ala. 17, 34 South. 1025; Huskey v. State, 129 Ala. 98, 29 South. 838.; Hall v.

State, 137 Ala. 46, 34 South. 680; Burks v. State, 120 Ala. 387, 24 South. 931.

[9] There was no error in sustaining the objection to the question propounded to defendant's witness Lem Jones, "Will ask you whether or not they were carrying guns for each other?" This question clearly called for a conclusion, and also sought to show an act of the third party not a part of the res gestæ of the crime. Tennison v. State, supra.

Other objections to the rulings of the court on the evidence are without merit.

[10-12] Charge 1 was well refused because it did not predicate the probability of innocence which would require an acquittal as arising out of the evidence. Davis v. State, 188 Ala. 69, 66 South. 67. A reasonable doubt not arising from the evidence, or not existing in the face of the whole evidence, is not a proper predicate for acquittal. McClain v. State, 182 Ala. 81, 62 South. 241. Moreover, the court charged the jury in the general oral charge on the question of reasonable doubt in its several phases, thus giving to the defendant the benefit of the substance of the refused charge; and rule 45, Supreme Court Practice (175 Ala. xxi), requires that it must be made to affirmatively appear after an examination of the entire case that the error complained of has probably injuriously affected the substantial right of the defendant before a case will be reversed. The refusal to give charge 1, under these conditions, could not be seriously argued to have affected the rights of the defendant to this extent.

[13] Charge 2 is argumentative, and is otherwise objectionable, and was therefore properly refused.

[14] Charge 3 was properly refused, as there was no evidence in this case to show that another, other than defendant, committed the offense.

We find no error in the record, and the judgment of conviction will be affirmed.

Affirmed.

### On Rehearing.

We are urged, in the application for rehearing, to re-examine several questions presented in this case. This we have done, and we find no reason to change the conclusion heretofore announced.

First. It is insisted that in stating the case upon the facts this court seemed to entirely overlook evidence offered by the defendant as to his whereabouts on or about the hour deceased came to his death. This insistence is not at all well founded, for all the evidence has been carefully examined and the seeming conflicts noted, and this court held, and now reaffirms, that these questions were for the jury, and that they were properly submitted to the jury for its consideration, and that the lower court did not err in so doing.

Second. We again announce and hold that the court properly overruled the defendant's motion to quash the venire. The record affirmatively shows that the regular juror Willie Hinshaw had not been summoned at the time of the compliance with the order of the court to forthwith serve upon the defendant a list of the names of the jurors drawn and summoned for the week of the court in which this case was set for trial and a list of the special jurors drawn in this case, together with a copy of the indictment against him, etc. The fact that said Juror Hinshaw was afterwards found, and was in attendance upon court, could in no sense be taken as a meritorious ground for a motion to quash the venire. In addition to this, it was announced by the court that Juror Hinshaw would not be put upon the defendant as a juror over his objection, and the defendant declined the privilege offered, and refused to object or to challenge said juror for cause.

Third. Under the authorities cited in the opinion, this court holds that the rulings of the court in connection with the effort to show that another than the defendant committed the offense of which he was charged were free from error, and the conclusions as announced are sound.

Fourth. There is no merit in the insistence that the court erred in its ruling upon the testimony of witness Phipps. This witness had testified that the dogs used upon this occasion were blooded dogs, and were trained for trailing human beings, etc. The defendant declined to avail himself of the privilege granted by the court to inquire into the training and capacity of the dogs in question, for under the permission granted by the court an almost unlimited scope of inquiry with reference to witness' knowledge of the dogs, their capacity, etc., was accorded the defendant, of which he did not take advantage.

Fifth. The ruling of the court on the testimony of defendant's witness Lem Jones, a brother of defendant, was without error. A proper predicate had been laid, and it was proper to prove the predicate by witness D. O. Austin. 1 Mayf. Dig. 888, § 244; Burton v. State, 115 Ala. 1, 22 South. 585.

The application for rehearing is denied.

Application denied.