# Mobile Furniture Commission Co. v. Little *et al.*

### *Action on Garnishment Bond.*

1. *Testimony of witness as to his belief, and as to his uncommunicated motive.*—A witness should not be allowed to testify as to his belief of the existence of facts, or as to his secret, uncommunicated motives or feelings.

2. *Damages for wrongful suing out of garnishment.*—The belief of the defendant that garnishment was necessary to obtain satisfaction of his debt, and the indebtedness and insolvency of the plaintiff alone, are no answer to the claim of actual damages, for wrongfully suing out the garnishment   Notwithstanding the existence of the honest belief of the necessity to sue out the writ, and the existence of the debt, still, if in fact there was no necessity of suing it out in order to recover the debt, the suing out was wrongful.

3. *Vindicative damages.*—Vindicative damages are allowed to be imposed by way of punishment, and are at the discretion of the jury within reasonable limits.  It is not necessary to furnish data from which they can be ascertained with reasonable certainty.

4. *Burden of proof as to grounds of garnishment.*—In an action on a garnishment bond, the *onus* is upon the plaintiff to prove the allegations of the complaint.

APPEAL from Mobile Circuit Court.

Tried before Hon. WM. S. ANDERSON.

This action was brought by the Mobile Furniture Commission Co. against J. W. Little and D. R. Burgess as sureties up on a garnishment bond executed by William Prufrock in aid of a pending suit by him against the appellant.   The complaint contained two counts, the first alleging that the garnishment was wrongfully sued out, and the second, that it was vexatious as well as wrongful.

The plaintiff introduced in evidence, the complaint in a suit against it by Prufrock, claiming $348.50, and the affidavit for a writ of garnishment, and the garnishment bond here sued upon.   It was shown that the plaintiff had some dealings with said Prufrock, and some dispute as to the amount due to him, but this was finally settled by an agreement by which this ap-

pellant was to pay Prufrock the amount claimed in his suit, less a discount of 15 per cent, in three installments, the first to be paid on March 17th, 1894. On March 16th, 1894, the plaintiff suffered a severe loss by fire, and wrote to Prufrock asking an extension of time on his indebtedness, which was refused, and on 26th of March, his attorney demanded of plaintiff the entire amount of $348.50. The latter claimed the 15 per cent discount, and made another offer to settle on time. The attorney submitted this to Prufrock, who in reply instructed the attorney to allow the discount, and "to go on with the attachment," whereupon the attorney, without seeing this plaintiff, sued out the garnishment for the debt including the discount, and as soon as he heard that the discount would be allowed, this plaintiff paid in full the amount claimed of him, and the costs of the suit against him. The plaintiff introduced evidence to the effect that it was solvent at the time of the garnishment, and had a fine credit, being able to purchase on a credit of .60 and 90 days, all the goods they needed, which enabled them to carry on a large business; that by suing out of the garnishment, its credit was entirely destroyed for a time, and thereby its sales were reduced not less than $1,500 for April and May, 1894, and not less than $300 subsequently, and that its average net profits on sales, were not less than 40 per cent.

For the defendants, Purfrock testified to the causes of his belief that the garnishment was necessary, which are not necessary to be set out, and also, to the effect as shown in the assignments of error herein below set out. The rulings of the court upon the trial, are also sufficiently set out in the assignments of error. There was a judgment for the defendant, from which the plaintiff appealed, assigning the following errors, each being separately assigned:

The trial court erred in refusing to strike out the following parts of the deposition of Prufrock: (1.) "At the time said action was commenced, and said affidavit and bond made and said garnishment served, I did believe that process of garnishment was necessary to obtain satisfaction of my debt." (2.) "I was not influenced either by malice nor vexatious spirit in having the garnishment issued," (3.) "and was firm in the belief that it was necessary to have process of garnishment in

order to obtain satisfaction of my debt," (4.) "and cannot see how I damaged the said company to the extent claimed, or to any extent." (5.) "I do not see how the garnishment could have hurt said company's credit, and financial standing, as the record must show that the suit was of short duration, and was settled by said company paying the agreed sum of $323.73."

The court erred in the following parts of its general charge: (6.) "They say it has been broken in this: that the affidavit was false; that it was well known generally it says, that the affidavit was false in stating that they were indebted to Mr. Prufrock in the amount named, and that process of garnishment, or that he believes the process of garnishment necessary to obtain satisfaction of that debt." (7.) "If the defendant in this case satisfies the jury that the Mobile Furniture Commission Co. was indebted to him as he alleges in his affidavit on that day, and that he believed process of garnishment necessary to obtain satisfaction of that debt, why then, the plaintiff cannot recover." (8.) "In other words, the issuance of this garnishment must have been wrongful, to entitle the plaintiff to recover in this suit, and to be wrongful, one or the other, (either one) of these facts must have been wanting." (9.) "If the party who took out the attachment, Prufrock in this case, did not believe the garnishment was necessary to obtain satisfaction of the debt, then it was wrongful." (10.) "If you should be satisfied upon the evidence, that the garnishment was wrongful, that is, that the debt did not exist, or that the party did not believe that it was necessary in order to collect his debt, then you would look further and see if it was done maliciously or vexatiously." (11.) "Now then, I tell you that the two essential facts necessary to justify the issuance of the garnishment are this existing indebtedness for one, and the belief that such process was necessary to obtain satisfaction of the debt." (12.) "I will tell you in addition to that, that the burden is on the plaintiff to make out his case; to show you that these two facts, that is, that either one of these two facts, did not exist, and that they both must be established to your satisfaction, the non existence of these two essential facts, or either one of them." (13) It is easy enough, I will say,

to ascertain from the evidence whether a debt exists. Parties can testify as to that. They can state figures. They can make a calculation and they are in possession of the facts, the parties to the suit. It is very difficult on the other hand to prove that a party did not think that it was necessary to take out this garnishment in order to obtain satisfaction of his debt." (14) Nevertheless, it is necessary for that fact to be established, unless they have established the other fact that the debt did not exist." (15) "I said that, because some of the jurors might say that it is impossible to say what a man thinks, but I tell you, at the same time, it is necessary; it is one of the facts to be ascertained, but you can ascertain it from all the facts in the case, if it exists, and unless you are satisfied that that affidavit of the party is false as to one of these two facts, the plaintiff cannot recover." (16) "Now, the burden is also on the plaintiff to furnish to the jury the data from which they can ascertain with reasonable certainty the amount of damages to which he is entitled, and that really applies to actual damages and exemplary damages, if you should believe that he is entitled both to actual damages and exemplary damages." The court erred in refusing to give the following charges requested in writing by plaintiff. (1) The court charges the jury that the garnishment was wrongfully sued out, unless it was actually necessary in order to obtain satisfaction of Prufrock's debt when he would have obtained judgment upon it; if the evidence satisfies the jury that the garnishment was not necessary in order to obtain satisfaction of such judgment, they should find a verdict for the plaintiff for the actual damage done by the suing out of the garnishment, including any loss that the evidence may show that the plaintiff has sustained by injury to its credit caused by the suing out of the garnishment: but the verdict should not exceed the amount of the bond sued upon; the fact, if it was a fact, that Prufrock honestly believed that a garnishment was necessary to the collection of his debt, is no defense to the plaintiff's right to recover such damages, if in fact, the garnishment was not necessary in order to collect the debt. (2) The court charges the jury that if they believe from the evidence, that had Prufrock sued the plaintiff, without suing out a writ of garnishment, he could have prompt-

[Mobile Furniture Commission Co. v. Little *et al.*]

ly collected his judgment by execution, out of plaintiffs property, then the jury ought to find a verdict for the plaintiff for the amount of actual damages done to it by the garnishment, including any injury that may have been done to its credit, not to exceed, however, the amount of the bond sued upon. (3) The court charges the jury that no matter how honestly Prufrock may have believed that a garnishment was necessary to collect the debt, if the evidence satisfies the jury that it was not necessary for the purpose, they should find a verdict for the plaintiff for the full amount of the actual damages done to the plaintiff by the suing out of the attachment, not however, to exceed the amount of the bond sued upon. (4) The court charges the jury that if the writ of garnishment was not necessary, in order to collect the debt sued upon, then the garnishment was wrongfully sued out, and the plaintiff is entitled to a verdict for the actual damages caused to the plaintiff by the suing out of the garnishment, and if Prufrock had no reasonable cause to believe that a writ of garnishment was necessary for the collection of his debt, then the jury might, in addition to the actual damages sustained by the plaintiff, give vindictive damages, but the amount of the verdict must not exceed the amount of the bond sued on in this case. The court erred in giving for the defendant, charges (2.) The court charges the jury that before they can find for the plaintiff, their minds must be reasonably satisfied from the evidence, either that no debt from the plaintiff to Prufrock existed, at the time the garnishment was sued out, or that Prufrock had not probable cause for believing that process of garnishment was necessary to obtain payment of his debt—unless their minds are so satisfied, they must find for the defendant. (1) The court charges the jury that they must find for the defendant unless the evidence reasonably satisfies their minds that the writ of garnishment was sued out wrongfully. (3) The court charges the jury that the plaintiff, the Mobile Furniture Commission Co., must make out its case; that the burden is upon it to establish to the reasonable satisfaction of the jury the truth of the allegations of its complaint against the defendants, the sureties in the garnishment bond sued on, and if the jury from the evidence, are not so satisfied, or are in confusion and uncertainty on this point, they

must find for the defendants. (4) The court charges the jury that the plaintiff has based its suit on the averment that the allegation in the affidavit praying the garnishment of Wm. Prufrock, that he believed the process of garnishment necessary for the satisfaction of his claim, and that the plaintiff in this cause was indebted to him in the sum stated in said affidavit, were untrue, and to recover in this action, the Mobile Furniture Commission Co. must prove the untruth of one of such allegations, the burden resting upon it to make out its case ; and therefore, if upon all the evidence, the plaintiff has failed to reasonably satisfy the jury of the untruth of said affidavit, then the jury must find for the defendants. (8) If the jury find from the evidence that the garnishment was sued out wrongfully, but was not sued out vexatiously or maliciously, they cannot give plaintiff damages for the loss of its credit unless they further find from the evidence that said loss of credit was caused by the suing out of said garnishment. (11) The court charges the jury that if the evidence shall satisfy their minds the garnishment was sued out wrongfully, but not vexatiously or maliciously, then they can find for the plaintiff only such damages as it actually sustained for loss of credit or destruction of business by reason of the suing out and serving of the garnishment, and the burden is upon the plaintiff to prove—first, that the plaintiff lost credit, or had its business injured or destroyed by the suing out of or levy of such garnishment, and next, the amount of the damages resulting to it thereby. If the evidence shall fail to reasonably satisfy the minds of the jury that such loss of credit, or injury or destruction of business was caused by the suing out or levy of the garnishment, then the jury cannot give the plaintiff more than mere nominal damages. And if the evidence of such damage is so vague and uncertain that the jury are not able from it to reasonably fix the amount thereof, then, also, the jury cannot give the plaintiff more than mere nominal damages. (12.) If the jury shall believe from the evidence that the plaintiff has been carrying on a profitable business and has increased its stock of merchandise, sales and insurance since the issue of said writ of garnishment and execution of the bond sued on in this case, they may look to these facts in determining whether or not the plaintiff

[Mobile Furniture Commission Co. v. Little *et al.*]

has been damaged in its business by the suing out of said writ of garnishment. (13). If the jury believe from the evidence that the garnishment was sued out wrongfully, but not sued out vexatiously or maliciously, and that it damaged the plaintiff's credit in its business, they can give it as damages for such injury to its business only such damages as they find it actually sustained thereby; and in arriving at the amount of such damages, they may look to the evidence of the condition of plaintiff's business before and since the issuance of such writ. (16.) The court charges the jury that they cannot find exemplary or vindicative damages for the plaintiff unless they are satisfied from the evidence that the garnishment was sued out maliciously or vexatiously, as well as wrongfully. (17.) The court charges the jury that if they believe from the evidence, that Wm. Prufrock, the plaintiff in the garnishment suit, in which the bond sued on in this case was executed, believed the facts to exist authorizing the garnishment, and was not influenced by a reckless or vexatious spirit, they cannot find for the plaintiff other than its actual damages sustained thereby.

S. P. GAILLARD, and G. L. & H. T. SMITH, for appellant—The testimony of Prufrock, to which objections were made, was as to matters of the belief only of the witness, and as to his undisclosed motives or reasons. It should have been excluded.—*McCormick v. Joseph*, 77 Ala. 236; *Ala. Fert. Co. v. Reynolds*, 79 Ala. 497. If as a matter of fact, there be no ground for the process of garnishment, the condition of the bond is broken, regardless of the belief of the party suing it out.—*Ala. St. Land Co. v. Reed*, 99 Ala. 20; *Pounds v. Hamner*, 57 Ala. 342; *Marx v. Leinkauf*, 93 Ala. 461; *Barber v. Ferrel*, 57 Ala. 448; *Floyd v. Hamilton*, 33 Ala. 235.

CLARKE & WEBB, *contra.*—There is no error in the rulings of the lower court. If Prufrock had reasonable grounds for his belief that garnishment was necessary to obtain satisfaction of his judgment, and there was an existing indebtednesss, the garnishment was not wrongful, notwithstanding it could thereafter be shown that it was not actually necessary to resort to the writ. Code Sec. 2968 and note; *Pounds v. Hamner*, 57 Ala. 342;

*Hays v. Anderson*, 57 Ala. 374 ; *Ala. S. L. Co. v. Reed*, 99 Ala. 23 ; *Trammell v. Ramage*, 97 Ala, 666 ; *City Nat. Bank v. Jefferies*, 73 Ala. 190 ; *Adams v. Thornton*, 82 Ala. 260 ; *Jones v. Donnell*, 13 Ala. 490 ; *Calhoun v. Hamner*, 87 Ala. 277.

HARALSON, J.—The portions of the evidence of the defendant, Prufrock, made the basis of exceptions from 1 to 5, inclusive, were manifestly wrong, and should not have been allowed to go to the jury. In the first and second, the defendant was allowed to testify to his belief of the existence of facts, and in the third, as to his secret, uncommunicated motives or feeling.—*Stewart v. The State*, 78 Ala. 439 ; *McCormick v. Joseph*, 77 Ala. 236 ; *E. T. V. & G. R. Co. v. Davis*, 91 Ala. 615. In the matters reserved in the 4th and 5th assignments, the witness was allowed therein, to state his reasons why he thought he did not damage the plaintiff. He was arguing rather than testifying.—*Burks v. Bragg*, 89 Ala. 204.

The 7th assignment is well taken. The belief of the defendant that garnishment was necessary to obtain satisfaction of his debt, and the indebtedness and insolvency of the plaintiff alone, are no answer to the claim of actual damages, for wrongfully suing the garnishment.—*A. S. L. Co. v. Reed*, 99 Ala. 20. ; *Marx v. Leinkauf*, 93 Ala. 461 ; *Hays v. Anderson*, 57 Ala. 375.

To justify a garnishment in aid of a pending suit, as has been held by this court, two essential facts are necessary; 1st, that there is an existing indebtedness from the defendant ; and, 2nd, that in the belief of the person praying the process against the supposed creditor, the garnishment "is necessary to obtain satisfaction of such claim," and that, if either of these essential facts be wanting, the garnishment is wrongful, and the defendant is entitled to his action, and to a recovery commensurate with the injury he has actually sustained.— *Pounds v. Hamner,* 57 Ala. 342. It will be noticed, that it is not stated, that if these essentials do exist, the garnishment may not still be simply wrongful ; for the party swearing it out, may have been wrong in his belief, and if so, he is responsible for the actual injury he did the creditor. As we said in the recent case of the *Ala. State Land Co. v. Reed*, 99 Ala. 20, "An honest belief, founded upon reasonable grounds, that the writ

was necessary, may furnish a defense, against a recovery for a vexatious suing out of the writ, but is no answer to the claim of actual damage sustained by reason of a wrongful suing out of the writ of garnishment. The case of *Pounds v Hamner*, 57 Ala. 342, was not intended to assert a contrary rule." The principle is, that notwithstanding the existence of the honest belief of the necessity to sue the writ, and the existence of the debt, still, if in fact there was no necessity for suing it out in order to recover the debt, the suing was wrongful. A man is responsible for his belief however honestly entertained, if he makes it the basis of doing an injury to another.

The 8th assignment, is properly taken. The charge, taken as given, in immediate connection with the 7th, just referred to, was misleading, in that it tends to make the impression, that the wrongfulness of the writ consiste l alone in the absence of the two facts hypothesized. The parts of the general charge, the bases of exceptions from 10 to 15 inclusive, without more, like the eighth, were misleading and erroneous. There was no error in that part of the charge the basis of the 9th assignment.

The 16th assignment was properly taken. Vindictive damages are allowed to be imposed by way of punishment, are at the discretion of the jury, within reasonable limits. It was not incumbent on plaintiff, to furnish the data for them to ascertain with reasonable certainty, the amount of such damages. Such a requirement exacts too high a measure of proof.

From what has been already said, charge No. 1 requested by plaintiff, will appear to be free from error, and the remaining charges requested by plaintiff, from 2 to 4. inclusive, were also correct instructions.

Charge 1, given at the instance of defendant, was erroneous in withdrawing from the jury all consideration of vexatious damages, as set up in the second count of the complaint, and the vice of charges 2 and 4 given for defendant readily appear. Charge 11, under the facts of this case, except for the concluding sentence, seems. to be free from error. There is no evidence tending to show any actual damage except from the loss of credit or destruction of business by reason of suing out the garnishment. But this concluding sentence was calculated to impress the jury, that plaintiff's proof as to

damages resulting from loss of credit, was vague and uncertain, whereas, there was very explicit proof on that subject.   Charges 12 and 13 seems to have no other infirmity, except being argumentative, for which we will not reverse.

There was no error in giving charge No. 3 for defendant,—*Calhoun v. Hannon*, 87 Ala. 277 ; *A. G. S. R. R. Co. v. Hill*, 93 Ala. 526 ; *O'Grady v. Julian*, 34 Ala. 88. *Durr v. Jackson*, 59 Ala. 204 ; *Flournoy v. Jackson*, 70 Ala. 309.   Charge No. 8 was also free from error, as were those numbered 16 and 17.

For the errors pointed out, the judgment of the lower court is reversed and the cause remanded.