(133 So. 715)

**LIVERSAGE et al. v. GIBSON.**

I Div. 639.

Supreme Court of Alabama.

March 5, 1931.

Rehearing Denied April 23, 1931.

J. G. Bowen, of Mobile, for appellants.

D. P. Moore, of Mobile, for appellee.

BOULDIN, J.

 Garnishment in aid of pending suit, Code, § 8052, is a species of attachment; and suit on the garnishment bond, Code, § 8054, may be brought before or after the suit, in aid of which garnishment issues, is determined. Code, § 6214. Dishman v. Griffis, 198 Ala. 664, 73 So. 966.

Such garnishment is "wrongful" unless two facts concur: (1) The existence of a debt or demand in aid of the collection of which garnishment is sued out. (2) Garnishment must be "necessary to obtain satisfaction thereof."

True, the form of affidavit, Code, § 8053, need only depose that garnishment "is believed to be necessary," etc. But the issue of fact is not what affiant believed, nor the good faith of such belief. If the jury, in an action on the bond, be reasonably satisfied from the evidence that it was not necessary to resort to garnishment, the plaintiff should be awarded actual damages. Such has been the long-settled construction of this statute. Mobile Furniture Com. Co. v. Little, 108 Ala. 399, 19 So. 443; Ala. State Land Co. v. Reed, 99 Ala. 20, 10 So. 238; Pounds v. Hamner, 57 Ala. 342.

A judgment for plaintiff in the original suit is, as of course, not res adjudicata of the question of the wrongful suing out of the garnishment. It merely meets one of the required conditions upon which the right to garnishment depends.

Unless tried by proper proceedings in the attachment suit, the question of wrongful attachment is left open for adjudication in an action on the bond.

The rulings of the trial court were in accord with these principles. The evidence was sufficient to support the judgment for plaintiff.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.