106 So.2d 173

**R. F. MARTIN et al., d/b/a Appliance Repair Service,**

v.

**George O. STEAKLEY.**

**7 Div. 533.**

Court of Appeals of Alabama.

Aug. 19, 1958.

Rehearing Denied Sept. 9, 1958.

David Johnston, Attalla, for appellants.

Geo. A. Murphy, Gadsden, for appellee.

HARWOOD, Presiding Judge.

Suit below was for damages for the wrongful, malicious, and vexatious suing out of a writ of garnishment.

The case was submitted to the court below without the intervention of a jury on the following stipulated facts:

"Under the authority of Section 773, Title 7, Code of Alabama, 1940, the undersigned, attorneys for the parties in this cause, agree that for the purpose of this appeal, the following constitute the facts of the case.

"On March 12, 1956, the defendants were partners doing business under the trade name Appliance Repair Service with their only store being located in Attalla, Etowah County, Alabama. On that day plaintiff paid at the defendants' store to the defendants' clerk the sum of $75.60 as payment in full of his indebtedness to the defendants. This indebtedness was secured by a lease sale contract which was surrendered to the plaintiff at the time it was paid. On or about the 20th day of March, 1956, suit was instituted by the defendants and against the plaintiff in the Justice Court of Riley L. Hamby on account for the sum of $75.60. On or about the 24th of March the plaintiff having received notice of the suit went to the defendants' store and complained that he had been wrongfully

sued. The defendants' clerk assured the plaintiff that the suit would be stopped. Thereafter, on March 27, 1956, the defendants took a default judgment against the plaintiff for the sum of $75.60 plus costs, and on April 10, 1956, the defendant H. M. Apperson made an affidavit for garnishment on judgment as required by Section 997, Title 7, Code of Alabama, 1940, and a writ of garnishment was issued out by the Justice Court of said Riley L. Hamby to Republic Steel Corporation, garnishee, for the sum of $75.60 and costs. On the 13th day of April, 1956, on further complaint by the plaintiff, the garnishment was released. The plaintiff testified in his own behalf when the trial was called that he was not indebted to the defendants at the time he was sued or when judgment was taken or when the garnishment was issued. The defendant H. M. Apperson testified on behalf of the defendants that at the time suit was filed and at the time judgment was taken and at the time the affidavit for garnishment on judgment was made and when the garnishment was issued the records of the Appliance Repair Service indicated that the plaintiff was indebted to the company and that the first time he had personal knowledge of the fact that Steakley's indebtedness had been paid was on the 13th day of April, 1956, when he authorized the garnishment to be released. Apperson further testified on cross-examination that as a matter of fact the plaintiff was not indebted to the defendants in any amount at the time above set forth. The plaintiff and the defendant Apperson were the only witnesses. The plaintiff suffered actual damages as a result of the garnishment.

"Plaintiff placed in evidence and offered as exhibits, the following:

"1. His lease sale contract with Appliance Repair Service.

"2. His notice of garnishment from the Justice Court of Honorable Riley L. Hamby.

"Defendants placed in evidence and offered as exhibits, the following:

"1. A Certificate of Judgment in favor of Appliance Repair Service and against George Steakley for the sum of $75.60 and costs.

"2. A certified copy of the docket sheet in the case of Appliance Repair Service Vs. George Steakley in the Justice Court of Honorable Riley L. Hamby, a Justice of the Peace in Attalla, Etowah County, Alabama."

The court, upon such facts, entered judgment for the plaintiff. Defendants' motion for a new trial being overruled, an appeal was perfected to this court.

The situation disclosed by the stipulated facts shows that the plaintiff below, appellee here, was sued for a debt he did not owe. When he protested he was told by the clerk of appellants, defendants below, that the suit would be dismissed. Despite this, a default judgment was taken by the appellants here in the original, foundationless suit. A writ of garnishment was sued out on this judgment, the garnishment being released when the appellee again protested.

A plaintiff or assignee in any judgment or decree on which execution can be issued may obtain process of garnishment. Section 996, Title 7, Code of Alabama 1940.

In Liversage v. Gibson, 222 Ala. 672, 133 So. 715, 716, Bouldin, J., held that garnishment under the provisions of Section 996, supra, is a species of attachment.

He further observed:

"Such garnishment is 'wrongful' unless two facts concur: (1) The existence of a debt or demand in aid of the collection of which garnishment is sued out. (2) Garnishment must be 'necessary to obtain satisfaction thereof.'"

*    *    *    *    *    *

"A judgment for plaintiff in the original suit is, as of course, not res adjudicata of the question of the wrongful suing out of the garnishment. It merely meets one of the required conditions upon which the right to garnishment depends."

In Sloss v. Glaze, 231 Ala. 234, 164 So. 51, 53, it was stated:

"Although garnishment is purely a statutory proceeding, yet it is always administered upon equitable principles. Marx v. Parker, 9 Wash. 473, 37 P. 675, 43 Am.St.Rep. 849; 28 Corpus Juris 20 and 40."

Clearly, under equitable principles, the appellant is estopped from relying on as a defense a judgment obtained upon a non-existent debt in a proceeding which the appellant assured appellee would be dismissed.

The above broad principles negative the validity of all of the errors assigned by the appellants, and we see no need to discuss the assignments individually.

Affirmed.