Clara Skillman and Julius Eugene Skillman, Sr., appellants, sued the First State Bank of Altoona, appellee, for wrongfully garnishing $956.34 from their joint account in the First Alabama Bank of Gadsden. The trial court granted summary judgment for appellee. Central to the case is the res judicata
effect of a prior default judgment in favor of appellee and a subsequent hearing on the default judgment.
On January 2, 1975, appellee instituted suit against Mrs. Skillman for a debt owed *Page 692 
appellee. The trial judge granted a default judgment in favor of appellee for $2,904.35 on February 5. A writ of execution was issued March 19 and returned July 3 marked, "No Property Found." The trial court issued a writ of garnishment to First Alabama Bank of Gadsden on September 5. On September 12 First Alabama paid the contents of a joint account held by Mr. and Mrs. Skillman to the clerk of the trial court who released the proceeds to appellee on September 23. On October 3 Mrs. Skillman filed a motion to set aside the default judgment. After a hearing held December 19 the court denied the motion. There was no appeal from this action of the court.
On February 9, 1976, the Skillmans filed a complaint alleging that (1) the appellee wrongfully took the $956.34 from appellants' joint account, (2) the garnishment was made without probable cause, willfully, and/or maliciously, and (3) the appellants suffered certain damages as a result of appellee's willful breach of the "Mini Code of Alabama" (Tit. 5, §§ 316-341, Code of Alabama 1940, Recompiled 1958, 1973 Cum. Supp.).
Appellants contend that the complaint states a claim maturing after Mrs. Skillman was served in the earlier suit, thus, falling within the permissive counterclaim rule of Rule 13 (e) of the Alabama Rules of Civil Procedure (ARCP), rather than the compulsory counterclaim rule of Rule 13 (a). Rule 13 reads in pertinent part as follows:
 "(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.
. . . . .
 "(e) Counterclaim Maturing or Acquired After Pleading. A claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading. . . ." Rule 13, ARCP.
Appellants are correct in their contention as to counts 1 and 2. A claim based on a garnishment made maliciously, willfully, and without probable cause states a cause of action maturing after the default judgment was entered. See Standard SanitaryMfg. Co. v. Benson Hardware Co., 225 Ala. 412, 143 So. 570
(1932). Moreover, the wrongfulness of the garnishment could not have been properly considered at the hearing on Mrs. Skillman's motion to set aside the default judgment.
However, the summary judgment as to counts 1 and 2 is correct, though for reasons other than res judicata. While abuse of the garnishment process may lead to a cause of action(Benson v. McCoy, 36 Ala. 710 (1860); Brown v. Master, 104 Ala. 451,16 So. 443 (1894); Liversage v. Gibson, 222 Ala. 672,133 So. 715 (1931); Tarver v. Household Finance Corporation,291 Ala. 25, 277 So.2d 330 (1973)), the possibility of abuse was greatly lessened when Tit. 7, §§ 996-1000, Code, supra, was declared to be in violation of the Fourteenth Amendment of the United States Constitution "insofar as it allows garnishments to be issued prior to a final judgment unless there is a showing that such garnishment is necessary because of extraordinary circumstances." McMeans v. Schwartz, 330 F. Supp. 1397,1400 (S.D.Ala., 1971).
In Tarver, supra, the plaintiff contended that a writ of garnishment procured by the defendant while the judgment for which it was issued was being appealed was done knowingly, willfully, intentionally or maliciously for the purpose of extorting money. This court held that the complaint was not demurrable.
The instant case is not before us on a motion to dismiss for failure to state a cause of action, but rather, on summary judgment. "The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together *Page 693 
with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56 (c), ARCP.
Mrs. Skillman has admitted, as per request for admissions submitted by appellee, that the appellee had a default judgment rendered in its favor and against Mrs. Skillman in the sum of $2,904.35; that she had received notice of the complaint; that appellee had procured a writ of execution which had been returned "No Property Found" prior to procuring a writ of garnishment; and that she had received notice of the writ of garnishment but had not responded. As a matter of law, appellant could not recover under these facts for an alleged wrongful garnishment. The summary judgment as to count 1 and 2 was correctly granted.
Count 3 alleges willful breach of the "Mini-Code," Tit. 5, §§ 316-341, Code, supra. Appellants contend that the prior judgment is totally void on its face under Tit. 5, § 322, and therefore can be collaterally attacked.
 "No creditor under this chapter shall bring suit on any debt for collection, and no judgment by default or otherwise shall be rendered until the creditor shall file an affidavit stating that (a) there has not been a violation of provisions of this chapter, and (b) that the debtor (if a resident of this state) on information and belief of creditor is a resident of the county in which the suit is filed. If such violation exists or if the debtor is not a resident of the county in which suit is filed, the suit shall be abated." Tit. 5, § 322, Code, supra.
Rule 55 (c) of the Alabama Rules of Civil Procedure (ARCP) provides that a judge, in his discretion, may set aside a judgment by default within 30 days. However, where 30 days has passed, as in this case, the proper procedure is explained in Rule 60 (b), which is apparently the procedure Mrs. Skillman followed in obtaining a hearing on her motion to set aside the default judgment.
The comments to Rule 60 add the following:
 "The normal procedure to attack a judgment under this rule will be by motion in the court which rendered the judgment. If the relief does not appear to be available under the rule, or if relief from judgment is sought in some other court than the court which rendered the judgment, the party should bring an independent proceeding. [Cite omitted.] But an erroneous choice between these procedures is not fatal to the party attacking the judgment. There is little procedural difference between the two methods of attack, and since nomenclature is unimportant, courts have consistently treated a proceeding in form an independent action as if it were a motion, and vice versa, where one but not the other was technically appropriate, and any procedural difference between them was immaterial in the case."
In essence this is the second time Mrs. Skillman has collaterally attacked the default judgment, the first time being at her hearing on her motion to set aside the default judgment seven months after the rendering of the judgment. Rule 60 (b) provides that relief may be had by motion or an independent action. However, we do not believe the intention was to allow both a hearing via a 60 (b) motion, and, should that fail, then an independent action. Mrs. Skillman's remedy was to appeal from the denial of her motion to set aside the default judgment. See 7 Moore's Federal Practice, ¶ 60.30[1]. Consequently, we shall not consider the question of whether the default judgment is void because of Tit. 5, § 322.
Mr. Skillman was not a party to either the default judgment or the motion to set aside the default judgment. His only interest stems from the joint account in his and Mrs. Skillman's names that was garnished by the appellee for the debt of Mrs. Skillman. If anyone wronged Mr. Skillman, it is not the appellee, but rather, the garnishee, First Alabama Bank of Gadsden. See Tit. 7, § 1023, Code, supra. Of course, we *Page 694 
express no opinion as to First Alabama Bank's liability.
The summary judgment is affirmed as to both Mr. and Mrs. Skillman.
AFFIRMED.
HEFLIN, C.J., and BLOODWORTH, JONES and EMBRY, JJ., concur.