FAULKNER, Justice.
On June 12, 1979, Homer and Bernice Cobb, plaintiffs below, executed a mortgage on their house and surrounding property in favor of Phenix-Girard Bank. In exchange, Phenix-Girard Bank agreed to loan the Cobbs $38,000.00. The alleged purpose of the loan was to permit Mr. Cobb to consolidate other debts in order to avoid bankruptcy. The Bank never disbursed any of the loan funds to the Cobbs. On October 9, 1979, Homer Cobb filed a voluntary petition for bankruptcy pursuant to Chapter 7 of the United States Bankruptcy Code.
In his bankruptcy petition, Mr. Cobb listed the above mortgage to Phenix-Girard Bank. On February 6, 1980, the Honorable Rodney R. Steele, Bankruptcy Judge for the *749 Middle District of Alabama, entered an order establishing the priority and the validity of Phenix-Girard Bank’s mortgage that it held on Cobb’s property. Cobb did not protest the validity of the Bank’s mortgage at any time during the bankruptcy proceeding. The debts totalling $38,000.00 were discharged in bankruptcy.
The Cobbs brought an action against the Bank alleging breach of contract, conversion and fraud in the Bank’s failure to disburse the loan funds. Plaintiffs claim that the Bank’s failure to pay the loan caused Mr. Cobb to become insolvent. The Cobbs alleged that the Bank represented before, during and after the bankruptcy proceeding that it would disburse the loan funds to the Cobbs. The Cobbs also allege that the Bank has threatened to foreclose on the mortgage. The Bank made a motion for summary judgment. The trial judge granted the motion for summary judgment on the breach of contract count, finding that any promise to pay the funds by the Bank was not supported by consideration. The judge denied the motion for summary judgment on the fraud, conversion and punitive damages counts.
Phenix-Girard Bank seeks to appeal from the denial of the summary judgment, an interlocutory order, pursuant to ARAP 5. The trial judge made a statement that the appeal involved a controlling question of law as to which there is a substantial ground for difference of opinion and that an appeal would materially advance the litigation. This Court gave its permission to appeal on January 19, 1982.
The Bank’s major contention on appeal is that the Cobbs are precluded from raising the claims for fraud and conversion under the doctrine of claim preclusion, or res judi-cata. Since the Cobbs could have litigated these issues in the prior bankruptcy proceeding, the Bank argues that they are prevented from relitigating the issues again. The Cobbs do not contest the granting of a summary judgment against them on the breach of contract claim.
In Russell v. Russell, 404 So.2d 662 (Ala.1981), this Court set out the elements of claim preclusion, or under older terminology, res judicata. The elements of claim preclusion are:
(1) prior judgment rendered by a court of competent jurisdiction;
(2) prior judgment rendered on the merits;
(3) parties to both suits sustantially identical; and
(4) same cause of action present in both suits.
Id. at 664. If these elements are present, the “[pjlaintiff is prevented from relitigat-ing a matter that could have been litigated in the prior action, regardless of whether the matter was actually presented.” Owen v. Miller, 414 So.2d 889 (Ala.1981).
Nevertheless, the fraud and conversion claims are not barred by claim preclusion because they are both alleged events which occurred after the prior bankruptcy proceeding. The rules of claim preclusion or res judicata are not applicable to events which occur after a prior proceeding. See Skillman v. First State Bank of Altoona, 341 So.2d 691 (Ala.1977).
A summary judgment may be properly granted only when, after consideration of the evidence in favor of the non-moving party, it appears that there is no issue of material fact and that the non-moving party cannot prevail. Forester & Jerue, Inc. v. Daniels, 409 So.2d 830 (Ala.1982). The trial court obviously felt there was evidence in the record which presented an issue of fact. We agree.
The Cobbs allege that after the bankruptcy proceeding was terminated, the Bank continued to misrepresent that it would disburse the loan funds. This is substantiated by the testimony of one of the Bank’s officers in his deposition. Furthermore, conversion is a tort of a continuing nature. If the Bank is wrongfully exercising dominion over the Cobbs’ property, the wrong continues until the Bank relinquishes control. See Ott v. Fox, 362 So.2d 836 (Ala.1978). Thus, the causes of action for conversion and fraud, at least in part, allegedly contin *750 ued after the bankruptcy proceeding and, to that extent, are not barred.
The judgment of the trial judge is affirmed.
AFFIRMED.
TORBERT, C. J., and ALMON, EMBRY and ADAMS, JJ., concur.