BEATTY, Justice.
Alabama Power Company (APCo) appeals from a judgment based upon a jury verdict rendered against it in an action of wrongful garnishment. We reverse and remand.
The case originated from a small claims complaint filed by APCo in Calhoun County to recover $210.04 from Phoebie R. Emigh for electric power service which she used. She filed her answer in court admitting the allegations of the complaint, consenting to a judgment, and stating: “I will paid [sic] in full Alabama Power Company $210.04 by two weeks from this date.” Mrs. Emigh also left a copy of her answer with the APCo office in Anniston that same day. On December 11, 1979, the day after she filed her answer, and on the basis of her admission therein, the small claims court rendered a consent judgment against her for the claimed amount, $210.04, plus $12.00 court costs, or a total judgment of $222.04. What followed thereafter gave rise to the present action.
Two days after Mrs. Emigh filed her answer, and one day after the entry of the consent judgment, her husband, James Em-igh, went to the company’s Anniston office, showed the clerk there the small claims complaint, and paid $210.04, obtaining a receipt for the payment. This receipt was given in the name of Leroy Emigh, James’s father.[1] Notice of this payment never reached the general office of APCo. Counsel for APCo filed a motion for default, was informed of the consent judgment and on February 4, 1980, was mailed a copy of the answer. On February 11, 1980, counsel for APCo wrote this letter:
“A judgment was entered against you in the above-styled action on December 11, 1979 in the principal amount of $210.04, plus Court Costs in the amount of $12.00 for a total judgment of $222.04.
“Unless we receive full payment of this judgment or you contact this law firm within two (2) weeks to arrange a suitable payment schedule for satisfying the judgment, we shall have no recourse but to execute upon the judgment by attaching your assets or garnishing your wages.”
Instead of complying with that request, however, Mrs. Emigh telephoned the APCo Anniston office and informed the person answering the telephone that she had paid the bill. She explained that the account was in Leroy Emigh’s name. Apparently after a search of the files, she was told that there was no record of payment of the bill. The plaintiff herself did not refer to the earlier receipt received by her husband because at that time she assumed that it had been destroyed. However, the receipt was discovered later in her husband’s billfold and turned over to her lawyer, not the company, sometime later. She did nothing further.
Meanwhile the garnishment process was served on plaintiff at her work, and she executed a wage attachment notification, but did nothing further to impede the garnishment. When that process was completed a total of $231.04 had been withheld from her wages, the last installment having been deducted on May 21,1980. This action was filed on June 10,1980. A trial resulted in a jury verdict for $50,000 against APCo, *954 and judgment was entered thereon. The defendant’s motions for a new trial and for judgment N.O.V. were denied, and this appeal ensued.
The defendant’s first contention on appeal is that the trial court committed reversible error when it refused to direct a verdict for APCo because, it asserts, there was probable cause for the procurement of the writ of garnishment.
A garnishment has been held to be wrongful unless two facts occur: (1) the existence of a debt, and (2) the garnishment must have been necessary to obtain satisfaction of that debt. Liversage v. Gibson, 222 Ala. 672, 133 So. 715 (1931). It will be seen that our cases on the subject treat this tort as having two separate aspects. As was stated by Stone, J., in Pounds v. Hamner, 57 Ala. 342 (1876):
“Garnishment being a species of attachment, its tendency is to harass, and, in some degree, to bring odium on the defendant. On these accounts it is that an action is given to defendant, if the garnishment be wrongfully or vexatiously sued out. If the garnishment be simply wrongful, the measure of damage and of recovery will be the actual injury sustained. ... If it be also vexatious, then a different rule prevails. Exemplary or vindictive damages may then be recovered — the amount to be determined by the jury in their discretion.” (Emphasis added.) 57 Ala. at 345.
See also Skillman v. First State Bank of Altoona, 341 So.2d 691 (Ala.1977). That case turned on the efficacy of a default judgment which had been followed by the garnishment and notice to the plaintiff who made no response. As has been shown, that is not the factual situation here. Indeed, Skillman cited Liversage, supra, as authority in its discussion of the applicable law, see syllabus [2] at 692.
Defendant has, unfortunately, misconceived the nature of the type of recovery which might be had here when it argues the absence of “probable cause.” As the defendant has used the term, probable cause would consist of an honest or reasonable ground for belief in the existence of facts warranting the writ of garnishment. Black’s Law Dictionary at 1080. But, lack of probable cause is not a defense to a mere wrongful garnishment:
“ ‘An honest belief, founded upon reasonable grounds, that the writ was necessary, may furnish a defense, against a recovery for a vexatious suing out of the writ, but is no answer to the claim of actual damage sustained by reason of a wrongful suing out of the writ of garnishment’ .... A man is responsible for his belief however honestly entertained, if he makes it the basis of doing an injury to another.” Mobile Furniture Commission Co. v. Little, 108 Ala. 399, 19 So. 443 (1896).
Accord, Land Company v. Reed, 99 Ala. 19, 10 So. 238 (1891).
In this case we are convinced that a jury question was presented on the issue of whether or not the issuance of the writ of garnishment was wrongful because of the presence or absence of a debt.
The facts show that the defendant’s affidavit, made for the purpose of procuring the writ, executed on March 4, 1980, and directed to plaintiff’s employers, stated:
“I make oath that I have obtained the above judgment and believe the named garnishee is indebted to the defendant. ... I believe that a process of garnishment against the said garnishee is necessary to obtain satisfaction of the judgment.”
Defendant concedes, as it must, that the affidavit filed by it overstated the amount of the debt actually owed to defendant. In fact, the debt, except for the cost bill of $12, had been paid to the defendant itself which, under the facts, obviously had authority to receive payments for service. There was evidence, indeed, that the Anni-ston district office received the payment after having been shown a copy of the original complaint, and gave a receipt for it. This evidence would undoubtedly be relevant on the issue of the continued existence or non-existence of the debt. Indeed, a jury could reasonably have concluded that *955 the district office which had authority to accept and process payments, also had authority, after being apprised of the purpose of the payment, to accept it and give a receipt in full settlement of the judgment debt.
Defendant points out that word of the payment by plaintiff’s husband never reached the general office in Birmingham because there were inexperienced people working in the Anniston accounting office. It also alludes to the fact that the plaintiff made no effort to halt the garnishment even though she knew of the existence of the receipt for earlier payment. These facts, we respectfully observe, do not bear upon the question of whether or not there was a debt which itself bears upon the issue of whether there was a wrongful garnishment. There having been some evidence from which a jury could reasonably have concluded that the company accepted the payment as full payment, we conclude that the trial court was not in error for having refused to direct a verdict for APCo.
The issue of exemplary damages is another thing, however. As stated earlier, punitive damages may be recovered only when the wrongful garnishment was accompanied or characterized by malice, i.e., a purpose other than to collect the judgment. While the facts disclose a form of bureaucratic bungling in which the left corporate hand did not know what the right corporate hand was doing, such a display of ineptitude or negligence in the handling of collections cannot, under these facts, be viewed as malicious. To the contrary, the conduct of the defendant from the time the garnishment was filed was obviously premised upon its mistakes in accounting for the payment in Anniston and in presuming at the home office that the indebtedness remained unpaid. Accordingly, we are convinced that it was error for the trial court to have given the case to the jury on the issue of malice. Hence, the judgment must be reversed and the cause remanded for a new trial to enable the plaintiff to prove actual damages, if any, resulting from the garnishment. See Harris v. National Bank & Trust Co., 406 So.2d 968 (Ala.Civ.App. 1981) (one has separate action for actual damages in case of wrongful garnishment). It is so ordered.
REVERSED AND REMANDED.
JONES, SHORES, EMBRY and ADAMS, JJ., concur.

. Despite the number of people involved in receiving the electric service, all company documents referred to one and the same account number. Moreover, there is no issue with respect to the person responsible for the indebtedness. The parties have proceeded as though that was the responsibility of the plaintiff, Phoebie R. Emigh.