BEATTY, Justice.
Kenneth Brown appeals from a partial summary judgment in favor of Gary Moore, one of two named defendants in a wrongful and/or malicious garnishment action. We reverse and remand.
Dr. Byron E. Green provided medical services to Brown’s minor daughter in January 1982. When the resulting $125 account for medical services became overdue, Dr. Green referred it to Merchants Adjustment Service, Inc. (MAS). In turn, MAS retained Gary Moore, a Fairhope attorney, to obtain payment on the delinquent account.
On August 26, 1983, Moore filed a complaint against Brown on behalf of MAS in the Small Claims Court of Mobile County. Upon receiving the complaint, Brown contacted Moore’s office and then issued a check payable to MAS for the total amount owed under the complaint. This check was sent to Moore’s office. Moore’s office de *883 posited the check on September 21, 1983, and forwarded the amount owed on the account, together with a transmittal report, to MAS on September 22, 1983. However, the payment was not posted in Moore’s office file concerning Brown, and the transmittal report was mistakenly filed in the MAS general correspondence file.
After sending his payment to Moore’s office, Brown filed an answer admitting liability and consenting to a judgment. The Small Claims Court entered a final judgment against Brown on October 17, 1983, for $165.75. On June 19, 1984, Moore began garnishment proceedings, and three deductions were made from Brown’s wages in order for the total of the amount claimed in the complaint to be paid.
Immediately prior to and during the course of the garnishment of his wages, Brown allegedly made four telephone calls to Moore to stop the garnishment, since he had already paid the amount owed. Brown allegedly told Moore that he had the can-celled check showing that he had paid. There is a dispute as to whether Moore requested that Brown send him a copy of the cancelled check; however, there is no dispute that Brown did not send Moore a copy of the check.
During each telephone conversation, Moore allegedly promised Brown that he would look into the matter. When he checked the Brown file, there was no record of payment, so he allowed the garnishment to continue. Moore admitted that he did not contact MAS or Dr. Green to verify that the debt was still owed.
On October 18, 1984, Brown filed suit against MAS and defendants A, B, and C, alleging (1) that defendants vexatiously, maliciously, wantonly, and/or recklessly caused a garnishment of Brown’s wages and (2) that defendants were guilty of wrongful garnishment. Moore was later substituted as defendant A. Based on the discovery depositions of Brown, Moore, and Phyllis Gwin, Brown’s girlfriend, and based on the briefs submitted, the trial judge granted Moore’s motion for partial summary judgment on the count alleging malicious garnishment and demanding punitive damages and entered a final judgment thereon pursuant to Rule 54(b), A.R.Civ.P.
The issue before us is whether there was a scintilla of evidence of malice to support Brown’s claim for punitive damages.
In Alabama Power Co. v. Emigh, 429 So.2d 952, 954 (Ala.1983), we summarized the law of wrongful garnishment:
“A garnishment has been held to be wrongful unless two facts occur: (1) the existence of a debt, and (2) the garnishment must have been necessary to obtain satisfaction of that debt. Liversage v. Gibson, 222 Ala. 672, 133 So. 715 (1931). It will be seen that our cases on the subject treat this tort as having two separate aspects. As was stated by Stone, J., in Pounds v. Hamner, 57 Ala. 342 (1876):
“ ‘Garnishment being a species of attachment, its tendency is to harass, and, in some degree, to bring odium on the defendant. On these accounts it is that an action is given to defendant, if the garnishment be wrongfully or vexatiously sued out. If the garnishment be simply wrongful, the measure of damage and of recovery will be actual injury sustained.... If it be also vexatious, then a different rule prevails. Exemplary or vindictive damages may then be recovered — the amount to be determined by the jury in their discretion.’ [Emphasis added in Emigh.'] 57 Ala. at 345.
“See also Skillman v. First State Bank of Altoona, 341 So.2d 691 (Ala.1977).”
In Emigh, the plaintiff had filed an answer to a complaint by Alabama Power Company, admitting liability and consenting to a judgment. A consent judgment was entered for $210.04, the amount claimed in the complaint, plus $12.00 court costs. The plaintiff then went to the Anni-ston office of Alabama Power Company and paid the $210.04. Notice of payment did not reach the general office. Counsel for Alabama Power Company wrote plaintiff a letter informing her that the company would garnish her wages unless she paid *884 the full amount of the judgment or contacted its law firm within two weeks. Instead of contacting the law firm, plaintiff telephoned the Anniston office of Alabama Power Company and told the person answering the telephone that the bill was paid. Upon a search of the files, she was told that there was no record of payment. She later discovered her receipt and turned it over to her lawyer. She did nothing further until completion of the garnishment of her wages, and then she filed suit for wrongful garnishment and requested punitive damages. We held:
“[Pjunitive damages may be recovered only when the wrongful garnishment was accompanied or characterized by malice, i.e., a purpose other than to collect the judgment. While the facts disclose a form of bureaucratic bungling in which the left corporate hand did not know what the right corporate hand was doing, such a display of ineptitude or negligence in the handling of collections cannot, under these facts, be viewed as malicious. To the contrary, the conduct of the defendant from the time the garnishment was filed was obviously premised upon its mistakes in accounting for the payment in Anniston and in presuming at the home óffice that the indebtedness remained unpaid. Accordingly, we are convinced that it was error for the trial court to have given the case to the jury on the issue of malice-” (Emphasis added.) 429 So.2d at 955.
The case before us today is distinguishable from Emigh in that the bureaucratic bungling here was all within one office and could have been corrected easily if Moore had only contacted MAS or Dr. Green. Furthermore, Brown, unlike Emigh, repeatedly contacted the proper person, the lawyer handling the collection, before and during the garnishment process. In addition, Brown told Moore that he had the cancelled check to prove that he had already paid the amount owed; however, Moore did not follow through to ascertain the fact of payment from any of the appropriate parties.
In Emigh, we held that the conduct of Alabama Power Company could not be viewed as malicious under those facts before the Court. However, malice is usually an inferential fact, Pounds v. Hamner, 57 Ala. 342, 346 (1876), and, as such, whether it is present is a jury question, especially when, as here, the plaintiff repeatedly attempted to stop the wrongful garnishment.
We find that there was, therefore, a scintilla of evidence to support Brown’s claim for punitive damages. Accordingly, the partial summary judgment in favor of Moore was error. The judgment, therefore, must be, and it is, reversed and the cause remanded for further proceedings consistent with this opinion. It is so ordered.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and FAULKNER, AL-MON and HOUSTON, JJ., concur.